(92 South. 565)

No. 23648.

## GARRETT v. SHREVEPORT LAND & MINERAL CO.

(June 5, 1922.)

*(Syllabus by Editorial Staff.)*

Mines and minerals ⬥⟿58—Lease without consideration properly canceled when potestative condition not availed of.

     Mineral lease which was without consideration, and under which the lessee assumed no obligation except such as might result from a potestative condition, was properly canceled where defendant had not availed itself of such condition.

     Appeal from Third District Court, Parish of Claiborne; J. E. Reynolds, Judge.

     Suit by D. V. Garrett against the Shreveport Land & Mineral Company. From a judgment for plaintiff, defendant appeals. Affirmed.

     McClendon & McClendon, of Homer, for appellant.

     Wallace, Lyons & Wallace and Thigpen, Herold & Lee, all of Shreveport, for appellee.

     By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

     LECHE, J. Plaintiff bought certain lands situated in the parish of Claiborne, affected by the registry of a mineral lease in favor of D. W. Knighton, trustee. He instituted the present suit against defendant, transferee of said lease, to have the same declared null and void, on the ground, mainly, that said lease was executed without any consideration whatever, that the lessee assumed no obligation except such as might result from a potestative condition, and that the contract is a nudum pactum.

     The district court rendered judgment in favor of plaintiff, declaring said lease to be null and void, and ordering the cancellation of its registry. From that judgment defendant took the present appeal.

     The record shows that defendant did not avail itself of the potestative condition inserted in the contract, and that at the time this suit was filed the lease still remained without any consideration. Under these circumstances this case is controlled by the decision in Raines v. Dunson, 145 La. 542, 82 South. 690, and the cases therein cited.

     For these reasons the judgment appealed from is affirmed.