(119 So. 37)

Nos. 29290, 29337.

BRADLEY v. SWIFT & CO.  BALTHAZER v. SAME.  In re BALTHAZAR et al.

Oct. 29, 1928.  Rehearing Refused Nov. 26, 1928.

See, also (La. App.) 119 So. 906.

Normann, Breckwoldt & Schwartz, of New Orleans, for applicant Balthazar.

L. O. Pecot, of Franklin and Paul A. Sompayrac, of New Orleans, for applicant Bradley.

John D. Miller, of New Orleans, for applicants in both cases.

OVERTON, J.  William Balthazar, while working in the course of his employment for Swift & Co., the defendant in these suits, was accidentally killed on April 1, 1925.  A few months after the deceased was killed, his widow, Elizabeth Bradley Balthazar, and his father, Paul Balthazar (the deceased leaving no child or mother), brought the present suits to recover compensation, under the Employers' Liability Act, Act No. 20 of 1914, as amended.

The defense to the suit, instituted by the widow, is that she was not living with the deceased when he was injured and killed, nor was she actually dependent upon him for support at that time.  There is no dispute concerning the law applicable to this defense.  It is as follows:

"No compensation shall be payable under this section to a widow unless she be living with her deceased husband at the time of the injury and death, or be then actually dependent upon him for support."  Section 8, subsec. 2, par. (L) of Act 216 of 1924.

The points in dispute in the widow's case involve purely questions of fact.  They are whether she was living with the deceased at the time of his injury and death, and, if not, whether she was then actually dependent on him for support.  The trial court found that the widow was dependent on the deceased when the fatal accident occurred, and allowed her compensation, but the Court of

Appeal found that she was not then dependent upon him, and, moreover, had not lived with him for some 20 years immediately preceding the accident. Our examination of the record fails to disclose that the Court of Appeal erred in so finding. Therefore the judgment of that court, in the widow's case, will be affirmed.

In the suit instituted by the father of the deceased, it is urged, in addition to a denial of his legitimate relationship to the deceased and of his dependency upon the latter, that the father cannot recover, because the deceased left a widow, which fact it is contended, excludes the father's right to recover, whether the widow be entitled to compensation or not. The plea last mentioned is urged not only in the answer, but in an exception of no cause of action. In the trial court it was tried on the exception, and was overruled, but on the trial of these consolidated cases on the merits, the court, having found that the widow was entitled to recover, dismissed the father's suit, for the finding in favor of the widow necessarily excluded the father's right to recover. On appeal, the Court of Appeal found that, as the deceased left a widow, the father was excluded, whether he was dependent on the deceased or not and although the widow was not entitled to recover, and affirmed on that ground the dismissal of the father's suit.

▮ The question presented is not wholly free of difficulty. In considering it, it should be borne in mind that statutes granting rights of action for the death of another should be restricted to the beneficiaries named in them, and should not be enlarged by construction so as to include others, not named. Vaughan v. Dalton-Land Lumber Co., Limited, 119 La. 61, 43 So. 926. It should also be borne in mind, in considering the question presented, that:

"In interpreting a part or section of an act, in dispute, the part or section should be interpreted

in connection with the rest of the act, and in connection with all laws on the same subject matter. Moreover, the object that the Legislature had in view should be ascertained, and the interpretation adopted which best harmonizes with the context and with that object." Thibaut v. Board of Commissioners of Lafourche Basin Levee Dist., 153 La. 501, 96 So. 47.

▮ The provisions of the Employers' Liability Act, as amended, which are pertinent to the question presented, are paragraphs (g) and (h) of subsection 2 of section 8 of Act 216 of 1924. The first reads, in naming the father as a beneficiary and in fixing his compensation, as follows:

"If there be neither widow, widower nor child, then to the father or mother of the deceased employee, if actually dependent on the deceased employee to any extent for support at the time of the injury and death, thirty-two and one half per centum of wages. * * *"

The second reads, in naming the brothers and sisters and other members of the family of the deceased as beneficiaries, as follows, to wit:

"If there be neither widow, widower, nor child, nor dependent parent entitled to compensation, then to the brothers and sisters and other members of the family of the deceased employee not herein above specifically provided for, if such brother or sister or other member of the family not otherwise specifically provided for was actually dependent on the deceased employee for support to any extent at the time of the injury and death, thirty-two and one half per centum of wages for one brother or sister or other dependent member of the family not otherwise specifically provided for. * * *"

The statute unquestionably names the father as a possible beneficiary, but the question is, when does he become a beneficiary? If paragraph (g), quoted in part above, stood alone, we should be inclined to adopt defendant's view, and hold that, if the deceased left a widow, although it should appear that she is not entitled to compensation, the father could not recover notwithstanding he might have been dependent on the deceased at the time of the accident, for there are no words

in the paragraph making the dependent father a beneficiary, when the deceased leaves a widow, not entitled to compensation, and the paragraph, when read alone, seems to mean that it is sufficient to exclude the father, if there be a widow, whether she be entitled to compensation or not.

However, to so construe this paragraph would lead to a strange result, in view of the wording of paragraph (h), also quoted in part above. That paragraph contains words qualifying, among others, the word "widow," for it reads:

"If there be neither widow, widower, nor child, nor dependent parent entitled to compensation, then to the brothers and sisters and other members of the family of the deceased," etc.

Here the words, "entitled to compensation," were not intended to qualify the words, "dependent parent," alone. If for no other reason, to so hold would make those words a mere redundancy, for if there be no widow, widower or child, the mere fact that there is a dependent parent entitles the parent to compensation, nothing else being required, under the statute, to make the dependent parent a beneficiary. The words, "entitled to compensation," must be given some effect under the ordinary rules of statutory construction, if it be possible to give them effect. They were evidently intended to qualify the words, "widow," "widower," and "child," and do qualify them, so as to make the paragraph read, substantially, "If there be neither widow, entitled to compensation, widower, entitled to it, or child, entitled to it, as well as parent, entitled to it, then to the brothers and sisters," etc. Hence, were we to adopt the construction of paragraph (g) contended for by defendant it would lead to the strange result of excluding the father as a beneficiary, if there be a widow in existence, not entitled to compensation, when that fact would not

exclude a brother or sister. The effect would be to exclude the father for members of a more remote class. This cannot be, for such was obviously not the legislative intention. Paragraphs (g) and (h) should be interpreted in connection with each other. So interpreted we think that paragraph (g) should be construed to read, "If there be neither widow, widower nor child, entitled to compensation, then to the father or mother of the deceased employee," etc. Therefore the fact that the deceased left a widow who is not entitled to compensation does not exclude his father. Hence the judgment of the Court of Appeal, in the father's case, will have to be set aside.

There remains to be decided the legitimacy of the relationship of the alleged father to his son, the dependency of the father, and, if these questions be decided favorably to him, then the amount of compensation to which he is entitled. The view held by the Court of Appeal made it unnecessary that it pass upon those questions, and therefore it did not do so. Those questions present issues of fact. We think that the father's case should be remanded to the Court of Appeal for the determination of those issues, and for the rendition of judgment consistent with the views here expressed.

For the reasons assigned, the judgment of the Court of Appeal in the case of Elizabeth Bradley, widow of William Balthazar is affirmed at her cost, and that the judgment of that court in the case of Paul Balthazar is vacated and set aside, and that said case be remanded to the Court of Appeal to be disposed of consistently with the views herein expressed, defendant to pay the costs of this writ therein, the remaining costs therein to abide the final determination of the case.

O'NIELL, C. J. I am of the opinion that case No. 29290 should be remanded to the civil district court.