## DUGAS v. GULF STATES UTILITIES CO.
### No. 1119.

Court of Appeal of Louisiana. First Circuit.
Jan. 24, 1933.

Vance Plauche and Chas. C. Jaubert, both of Lake Charles, for appellant.

Pujo, Bell & Hardin and C. R. Liskow, all of Lake Charles, for appellee.

LE BLANC, J.

John Dugas, deceased, was employed by the Gulf States Utilities Company. He was killed by accident while within the course and scope of his employment, on February 21, 1930. He left a widow who was paid compensation by the employer regularly for a period of approximately 100 weeks, after which she remarried. Upon her remarriage, the payments to her terminated automatically under the provisions of our Workmen's Compensation Statute. See section 8, subsection 2 (F) of amending Act No. 242 of 1928.

On March 28, 1932, the decedent's mother, Mrs. Oliver Dugas, instituted this proceeding against the employer, claiming the remaining payments that were due, as having been totally dependent upon her said son during the year prior to his death.

To her demand, the defendant interposed an exception of no cause or right of action, and a plea of prescription. The district judge sustained the exception of no cause of action and dismissed her suit, whereupon this appeal was taken.

In paragraph five of her petition, the plaintiff alleges that at the time of his death, John Dugas left a wife with his dependent mother, "which wife, under the laws of the State of Louisiana, was entitled to receive compensation, to the exclusion of the dependent mother, * * * until death or remarriage should make her ineligible to receive further compensation." This we find to be an allegation in strict conformity with the provisions of the statute, and unfortunately for the plaintiff it seems fatal to her cause of action. There can be no doubt that if the wife was the beneficiary of the compensation insurance to the exclusion of the mother, that both did not belong to the same class of dependents, and could not receive compensation at the same time. Plaintiff's hope therefore to recover on that further provision of subsection F of the statute, to the effect that the termination of payments to the dependent by reason of death or remarriage will not affect payments allowed other dependents, must yield to what we conceive to be the plain terms of the law, as it seems obvious that the continuation of payments therein referred to relates to dependents of the same rank, or who, though probably of different rank, were receiving payments together with the deceased dependent or the remarried widow; such for instance as two dependent brothers or sisters, or a child under eighteen years of age of the remarried widow.

Under our law certain persons are conclusively presumed to be wholly and actually dependent upon the deceased employee. Among these is the wife upon the husband with whom she was living at the time of his accident and death. Subsection 2 (A) and (B) of section 8 of Act No. 242 of 1928. The mother is not included among those so concluded as dependent. She comes within that general class in which the law under subsection 2 (D) provides that the question of legal dependency in whole or in part shall be determined in accordance with the facts as they may be at the time of the accident and death. Now, at the time of the accident and death of the decedent in this case, his wife, to the exclusion of any one else, including his mother as appears from her own judicial declaration, was his legal and actual dependent. The mother may have been an actual dependent, but she was not a legal dependent within the meaning of the Compensation Law, and that is the only law we can look to for the purpose of, construing her status in considering her rights thereunder. At the time of the accident and death of her son, she had no rights, as the wife stood in her way. Granting, however, for the sake of the argument, that she might have

had some rights after the wife had forfeited her claim to further payments, the mother in this particular case cannot exercise them, as the time within which she had to do so under the statute has long since expired; it being far more than one year after her husband's death that the widow remarried. To express it more accurately, as stated by the learned trial judge, her rights never did arise or come into existence, and she is therefore without any cause of action.

We are referred by counsel for plaintiff to the case of Bradley v. Swift & Co., 167 La. 249, 119 So. 37, wherein a dependent father was held entitled to recover compensation where the widow was shown to have been ineligible because she was not dependent upon her deceased husband, and moreover, had not lived with him for some twenty years immediately preceding the accident. This statement alone is sufficient to differentiate the case from the present, wherein it is alleged by the mother herself that the widow had received approximately 100 weeks' compensation to which she had been entitled, and this, to her (the mother's) own exclusion.

Other authorities cited by counsel for plaintiff are from another jurisdiction and are not controlling in considering the issue here presented, and which has to be determined upon an interpretation of our own Workmen's Compensation Statute.

The judgment of the lower court is hereby affirmed.