## JONES v. DENDINGER, Inc., et al.
### No. 1133.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

B. M. Harvard, of Hammond, and Deutsch & Kerrigan and Burt Flanders, Jr., all of New Orleans, for appellants.

M. C. Rownd, of Springfield, for appellee.

ELLIOTT, Judge.

Mary E. Jones, mother of Frank Jones, alleging his employment by Dendinger, Inc., and his accidental death while performing the duties of his employment, brought suit against Dendinger, Inc., claiming the compensation provided by the Employers' Liability Act in favor of dependent mothers.

She alleges that her son was married to Ogreta Dunn; that one child, Albert Jones, about 4 years old at the time of his father's death, was born of said marriage. She alleges that she was dependent on Frank Jones for support at the time of his injury and death, that she was his sole dependent and that his widow, the said Ogreta Dunn Jones, and his minor son, Albert Jones, were not dependent on him at the time of his injury and death.

To the end that the compensation which she alleged was due by Dendinger, Inc., might be ordered paid to her by preference over Ogreta Dunn Jones, individually and as natural tutrix of Albert Jones, the latter individually and as natural tutrix of Albert Jones was made a party defendant to the suit.

Dendinger, Inc., answered, denying liability for compensation on account of the death of Frank Jones.

Ogreta Dunn Jones, individually and as tutrix for Albert Jones, answered the petition of Mary E. Jones admitting that Dendinger, Inc., owed compensation on account of the death of Frank Jones, but claimed that

it should be paid to her for the common benefit of herself and Albert Jones, the minor son of the decedent.

There was judgment in favor of the minor, Albert Jones, against Dendinger, Inc. decreeing that it owed compensation to him at the rate of 32½ per cent. of a weekly wage of $9 for a period of 300 weeks, and, due to the minority of the child, payment was ordered made to its mother, Ogreta Dunn Jones, for its benefit. And there was judgment in favor of Mary E. Jones against Dendinger, Inc., for $33 on account of the burial expenses of her son.

The plaintiff, Mary E. Jones, and the defendant Dendinger, Inc., appealed. Ogreta Dunn Jones did not appeal, and no brief has been filed in behalf of the minor, Albert Jones.

■ The judgment appealed from does not in terms act on the demand of Mary E. Jones against the defendants, Dendinger, Inc., and Ogreta Dunn Jones, individually and as tutrix, but, as her demand is not mentioned in the judgment, it must be looked on as rejected.

Ogreta Dunn Jones did not intervene in the suit and claim from Dendinger, Inc., compensation on account of the death of Frank Jones for the common benefit of herself and the minor, Albert. All she did was to file an answer to the suit of Mary E. Jones in which she denied that the plaintiff was supported by or dependent on Frank Jones and denied that the plaintiff was entitled to the compensation due by Dendinger, Inc., but she does not allege in her answer that she or her minor child, Albert Jones, was supported by or was dependent on the decedent, Frank Jones. She admits that Dendinger, Inc., owes compensation on account of the death of Frank Jones, and avers that she is entitled to the compensation for the benefit of herself and her minor child, Albert Jones. She prays that plaintiff's demand against Dendinger, Inc., be rejected, and that there be judgment in her favor and against Dendinger, Inc., for compensation on said account at the rate of 46¼ per centum of a weekly wage of $9 for a period of 300 weeks for the benefit of herself and the minor, Albert Jones, and for all general and equitable relief in the premises.

No issue was joined between Ogreta Dunn Jones, individually and as tutrix, and Dendinger, Inc., on the subject of compensation.

The only issue in which she joined was with the plaintiff, Mary E. Jones, and that only to the extent stated.

The Employers' Liability Act No. 20 of 1914, subsection 1 (A) of section 18 (amended by Act No. 81 of 1930) provides the formula for court proceedings in cases of dispute between the employer and employee or the dependents of the employee concerning the right to compensation. Either party may present a verified complaint to the judge setting forth the names and residence of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of wages being received at the time of the accident, etc., and such other facts as may be necessary and proper for the information of the judge and to give the other party sufficient information to enable him to intelligently answer and defend the complaint, and should state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which are in this act or in any subdivision thereof made conditions under which compensation may be granted.

■ That portion of the section not amended by the Act No. 81 of 1930 and as enacted by Act No. 85 of 1926, p. 122, designated under section 18, subsection 4, remains the law. This part of the section provides: "The Judge shall not be bound by technical rules of evidence or by technical rules or procedure other than as herein provided, but all findings of the fact must be based upon competent evidence," etc.

Giving to the answer of Ogreta Dunn Jones, individually and as tutrix, to the petition of Mary E. Jones the widest possible latitude, and proceeding in the most equitable way, it seems that the most we can do in behalf of the minor, Albert Jones, is to overlook its mother's failure to allege that it was dependent on its father and look to the averment of the plaintiff, its paternal grandmother, that it was not dependent, which its mother, Ogreta Dunn Jones, denies, and ascertain from the evidence on the subject whether this child was in fact dependent on its father for support at the time of his injury and death or not, because, if the child Albert was dependent on its father, then it is entitled to the compensation by preference over the plaintiff. Dendinger, Inc., in its brief concedes that it owes compensation on account of the death of Frank Jones, but takes sides with the plaintiff, and argues in its brief that under the law and evidence the plaintiff is entitled to the compensation in question, and that none is due the child, Albert.

■ We do not further mention the mother, Ogreta Dunn Jones, because, under the judgment and the law and the evidence, she is not individually and as widow entitled to any compensation. The undisputed evidence excludes her as widow.

The evidence shows without dispute that she was not living with Frank Jones, and had not been for nearly 4 years previous to his death. She quit him and went to live with Robert Norman, by whom she has had two children since she left her husband. She was living with and supported by said Norman at the time of the injury and death of Frank Jones.

When Ogreta Dunn Jones left her husband, they were living with her parents, and, when she left, she left her child, Albert Jones, with her father and mother. The child, Albert, then about 2 months old, has at all times since then been supported by its maternal grandparents. He has resided with them ever since he was left there, and has been constantly since then actually and wholly dependent on them for support. The evidence shows without dispute that his father, the said Frank Jones, when Ogreta quit him, went to live with the plaintiff, his mother, and he has lived with and supported her ever since, and contributed nothing to the support of his child, the said Albert. The undisputed evidence shows that the plaintiff was actually and wholly dependent on Frank Jones for support at the time of his injury and at the time of his death.

It is only dependents that are entitled to compensation under the law, Act No. 20 of 1914, section 8, subsec. 2 (A) (amended by Act No. 242 of 1928), which provides:

"The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee. * * *

"(D) A child * * * upon the parent with whom he is * * * living at the time of the injury of such parent."

The child, Albert, does not come under the law because he was not living with Frank Jones at the time of the injury to and death of said Jones. Then again the subsection 2 (I) contains the further provision: "In all cases provided for under this Section, the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of further contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact."

The compensation in question cannot, therefore, be due the child, Albert, but the plaintiff, Mary E. Jones, mother of Frank Jones, is entitled thereto.

The district judge did not file any reasons for his judgment other than the formal statement in the judgment itself that the law and evidence was in favor of the minor, Albert Jones, but it is suggested in the brief of plaintiff and in that of Dendinger, Inc., that the lower court might have been influenced by the case of Bradley v. Swift & Co. and Balthazar v. Swift & Co., 10 La. App. 25, 119 So. 906, 120 So. 896, reviewed by the Supreme Court 167 La. 249, 119 So. 37. They point out in their briefs, however, which they perhaps did not do in the lower court, that the cause of action in the case mentioned arose under the provisions of a previous act, which did not contain the paragraph which forms the later part of the subsection (1). The opinion indicates that the cause of action in the case mentioned did arise previous to 1928, and was, no doubt, governed by the provisions of Act No. 216 of 1924, which did not contain the paragraph referred to. The opinion and conclusion in this case is in harmony with Edwards and Wife v. Standard Gin & Mfg. Co., 12 La. App. 153, 125 So. 593, and Harris v. Louisiana Oil Refining Corp., 13 La. App. 416, 127 So. 40.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the plaintiff, Mary E. Jones, have judgment against the defendants, Ogreta Dunn Jones, individually and as natural tutrix of the minor, Albert Jones, son of Frank Jones, deceased, and against Dendinger, Inc., decreeing that the defendant, Dendinger, Inc., owes to the said Mary E. Jones compensation on account of the death of her son, Frank Jones, in the amount of 32½ per cent. of a weekly wage of $9 per week for a period of 300 weeks, with legal interest on each weekly sum due beginning May 17, 1932, until paid. To the extent that Dendinger, Inc., is condemned by the judgment to pay Mary E. Jones $33 on account of the burial expenses of Frank Jones with legal interest thereon from judicial demand, it is correct, and the judgment is to that extent affirmed. It is further ordered that Dendinger, Inc., pay the cost in both courts.