Odile Powell, widow of Alexander Thornton, brought this suit against Paramount-Richards Theatres, Inc., and its insurance carrier, American Mutual Liability *Page 860 
Insurance Company, to recover compensation for the death of her brother, Robert Powell, who was fatally injured on April 26th, 1943, in an accident arising out and in the course of his employment as a laborer for the first named defendant. She alleges that she is her brother's sole dependent; that he left neither ascendants nor descendants; that he had never been married and that, due to the fact that she was and is physically incapacitated, she was actually dependent upon him for her support. She prayed for judgment in compensation for 300 weeks at $5.85 per week.
The defendants resisted liability on the following grounds: (1) that plaintiff is not the legitimate sister of the deceased; (2) that she was not actually dependent upon him for support and, that (3), in the alternative and in the event the court should find otherwise, the amount of the compensation should be limited to $3 per week, the minimum provided by law.
The case was originally tried on these issues on January 3rd 1944. At the conclusion thereof, the judge stated that plaintiff had failed to prove with legal certainty that she was a legitimate sister of the deceased or that she was dependent upon him. He also remarked that she had failed to make certain the amount contributed by the deceased to her support during his lifetime. However, prior to his decision in the matter, the judge, on motion of plaintiff's counsel, reopened the case for the purpose of receiving additional evidence. Thereafter, on July 10th, 1944, after plaintiff had introduced additional proof, judgment was rendered in favor of defendants dismissing the suit. Still later on August 22d 1944, the matter was again reopened and reargued and, on January 4th, 1945, the judge reversed his previous decision and rendered judgment in favor of plaintiff and against the defendants for compensation in the sum of $3 per week for 300 weeks. Defendants have appealed and plaintiff has answered praying for an increase in the award to $3.95 per week.
The record in the case reveals the following facts: Plaintiff, her deceased brother and her sister, one Edna Powell, wife of Lawrence Ellis, are colored people and are the children of Robert J. Powell and Malvena McClain. The father, Robert J. Powell, died about 35 years ago and the mother has been dead about 9 years. Since the death of her mother, the plaintiff has been living in a small, two-room apartment at No. 4004 Magazine Street in New Orleans. She testified that she washed and ironed the clothes of her brother and also prepared his meals; that he paid the rent of the apartment, amounting to $3 per week, and that he gave her $12 per week most of the time when he was working and at least $6 per week at other times. She further says that she had no other means of support; that she and her husband were separated many years ago and that she has been unable to work for a number of years due to heart disease and high blood pressure.
Plaintiff's testimony, as to her incapacity, is corroborated by Dr. F. Gallo, a practicing physician of New Orleans, who states that he made a physical examination of plaintiff on July 1st, 1944, which revealed that she was about 50 years of age and that she has been and is suffering from hypertension, hypertensive myocarditis and chronic gastritis. He voices the opinion that plaintiff is not well enough to do laborious work but may be able to do a limited amount of housework and that she would be a great deal better off if she did not have to work at all, as any work done by her is harmful to her well-being.
[1] At the trial, it was developed that the deceased, Robert Powell, had been married but that he and his wife separated a long time ago and that his wife was not dependent upon him for support. Under these circumstances, the fact that the deceased is survived by a widow does not operate as a bar to plaintiff's claim under paragraph (E), subd. 8 of subsection 2 of section 8 of the Employers' Liability Act (Act No. 20 of 1914 as amended). See Bradley v. Swift Co., 167 La. 249, 119 So. 37, and Harvey v. Caddo De Soto Cotton Mill Co., 199 La. 720,6 So.2d 747.
The first contention of the defendants is that plaintiff has failed to establish her allegation that she is the legal sister of the deceased, which is denied by them in their answer. In support of her claim, plaintiff introduced in evidence three certified copies of the recordation of the births of her deceased brother, his sister Edna Ellis, and herself which appear in the records of the office of the Board of Health in the city of New Orleans. These documents reveal that, on December 3rd, 1894, Robert J. Powell, father of plaintiff, appeared before the ex-officio Recorder of Births, Marriages and Deaths in the city of New Orleans and caused the registration *Page 861 
of the births of plaintiff, her sister and her deceased brother, declaring that they were the lawful issue of himself and Malvena McClain. Plaintiff also testified that she lived with her parents and her brother and sister until the death of her father and thereafter lived with her mother until the latter's death nine years ago. But counsel for defendants point to the evidence of one Willie Green, a cousin of plaintiff, who testified that he did not believe that plaintiff's mother and father were married, and contend not only that there is no proof establishing that plaintiff was the legitimate sister of the decedent but that the registration of plaintiff's birth by her father is merely an acknowledgment on his part that she was his illegitimate child, in accordance with the method provided by Article 203 of the Civil Code.
[2] We find no merit in this contention. In the first place, the registration by plaintiff's father of her birth, and that of her brother and sister, was not an acknowledgment by him of the illegitimacy of his children. On the contrary, he stated to the Recorder of Births, Marriages and Deaths that his children were the lawful issue of himself and Malvena McClain. Under Section 2, Chapter 2 of Title VII of the Civil Code, which provides for the manner of proving legitimate filiation, it is declared, in Article 193 thereof, that "The filiation of legitimate children may be proved by a transcript from the register of birth or baptism, kept agreeably to law or to the usages of the country." Thus, when plaintiff's father registered her birth and that of her brother and sister and stated that they were the legal issue of himself and Malvena McClain, he did not attempt to acknowledge them as illegitimate children but as the lawful issue of his marriage with Malvena McClain. It is true that plaintiff has been unable to furnish the certificate of marriage between her father and her mother but the fact that her father has acknowledged her legitimacy and that of her brother and sister, coupled with the evidence that her parents lived together as man and wife for a long period of years, is sufficient to create a presumption of her legitimacy which has not been overcome by the submission of proof to the contrary. And this, despite the statement by plaintiff's cousin, Willie Green, that he never heard that plaintiff's mother and father were married.
[3] Furthermore, even though we were of the opinion that the registration of the birth of plaintiff and that of her brother and sister was insufficient to establish their legitimacy, we would nevertheless be authorized to hold that she is entitled to recover compensation — provided she has established that she was actually dependent upon her deceased brother for support — forasmuch as the evidence shows that her brother was a member of her family and that he was living partly with her and partly with her sister at the time of his death. In the very recent case of Thompson v. Vestal Lumber Manufacturing Co., La.Sup., 22 So.2d 842, the court, in interpreting the provisions of subsection 2 of section 8 of the Employers' Liability Act as amended, held that, where the dependent claimant is a member of the deceased employee's family and is actually dependent upon the earnings of the employee for support at the time of the accident and death, he is entitled to recover compensation despite the fact that he is an illegitimate relation.
[4] The next point raised by the defendants is that plaintiff has failed to prove that she was dependent upon her brother for support. We find little force in this proposition for the reason that plaintiff's testimony, if believed, is sufficient to sustain her contention that her brother was not only contributing to her support at the time of his death but that she was actually dependent upon him for such support as she was physically incapacitated and could not earn her own keep. Insofar as her physical incapacity is concerned, her testimony is corroborated by Dr. Gallo, who examined her during 1944. The judge of the lower court, who saw and heard plaintiff testify, came to the final conclusion that her evidence was believable and we are unable to discern manifest error in his finding on this question of fact.
[5] This leaves only for consideration the amount of the weekly payments to which plaintiff is entitled. The district judge allowed her the minimum provided by the Compensation Law of $3 per week for 300 weeks as he was evidently of the opinion that, although the decedent had contributed regularly to plaintiff's support, the amount of these contributions were quite uncertain. A careful examination of the record convinces us that the judge was correct in his appreciation of the testimony. In fact, although plaintiff has answered the *Page 862 
appeal and prayed for an increase in the award, her counsel have failed to point to any evidence which would authorize an increase of the weekly compensation from $3 to $3.95.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent.