Tom Henderson was employed by the city of Shreveport as a laborer, which included working as helper on a truck at times. On or about November 10, 1944, he fell off the truck and a wheel ran over him and as a result of his injuries, he died six days later. His mother, the original plaintiff in this suit, claims to have been almost wholly dependent on her son and demands 32 1/2% of his weekly wage of $19 for not exceeding 300 weeks, and $200 for funeral expenses. In her original petition, she alleged that Tom Henderson, the deceased, was married to Lucille Reynolds (also called Celia Reynolds) on May 1, 1926, and that they separated June 1, 1926, and that about January 1, 1936, deceased commenced living in concubinage with Eva Mae Shines, and continued to so live with her until his death. She also alleged that her husband, Jim Henderson, had been dead for a number of years.
Defendant filed an exception of non-joinder because the widow and the concubine of deceased had not been made parties to the suit. This exception was sustained as to the widow and overruled as to the concubine. Plaintiff then filed a supplemental petition, making the widow a party to the suit. In the meantime the widow married again and never answered the suit and it was defaulted as to her.
Plaintiff then discovered that her allegation that Jim Henderson had been dead several years was made through misunderstanding on the part of her attorney and she filed a second supplemental petition in which she alleged that he was living but that they had been living separate and apart for a number of years and he had contributed nothing to her support during the time they had been living separate and apart.
Jim Henderson filed an answer in proper person admitting most of the allegations made by plaintiff, including the allegation that he had contributed nothing to plaintiff's support. He alleged also that deceased never had any children by any of the women he lived with and never adopted any children. He also alleged that deceased contributed at least $5 a month to his support; that the deceased did other work after his hours with the city were up and earned at least $30 a month at this outside work. He asks for compensation for partial dependency at the rate of $3 per week for not exceeding 300 weeks. Afterwards counsel for Louise Henderson was enrolled also as counsel for Jim Henderson. Defendant filed an exception of no cause and no right of action to the demand of Jim Henderson which was overruled.
In answers to the original and supplemental petitions, defendant admitted that the death of Tom Henderson was caused by accident while engaged in the scope and course of his employment with the city, and that his weekly wage was $19. The other substantial allegations of the petition were denied.
[1] After hearing, the District Judge awarded Louise Henderson $3 a week for not exceeding 300 weeks and $200 for funeral expenses, and rejected the demand of Jim Henderson. All parties asked for and were granted orders of appeal. Plaintiff, Louise Henderson, had prosecuted her suit in forma pauperis and was not required to furnish bond. The city likewise was not required to furnish any bond. Jim Henderson had not appeared as a pauper and his appeal was conditioned on his furnishing bond for $125. He did not furnish any bond, and a motion has been filed to dismiss his appeal for this reason. As a matter of fact, his appeal was never perfected by furnishing the bond, and is therefore not before us and his demand will not be considered. *Page 768 
It is admitted by defendant in brief that plaintiff, Louise Henderson, is entitled to recover $200 for the funeral expenses of deceased, and that demand will not be further discussed in this opinion.
There are really only two questions for decision in this case.
1. The legal question of whether or not the mother of deceased has any right to sue for compensation when there was a wife living at the time of the accident and death.
2. If the first question is resolved in her favor, the factual question of whether or not she has made out a case of dependency.
The District Judge resolved both questions in her favor, at least to the extent that he found her partially dependent.
From the maze of conflicting testimony in the case, we find no difficulty in reaching the conclusion that the widow of deceased was not dependent on him for support. At the time of his injury and death and for many years prior thereto, he had not lived with her and had not supported her.
Counsel for plaintiff says in brief that the suit is based on Act 20 of 1914, Section 8, 2(E) 7, as amended by Act 242 of 1928, Section 1(E) 8, Dart's Stat. 4398, E, 8, reading as follows: "8. If there be neither widow, widower nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages of deceased, with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half per centum of wages for one and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum. of wages for all, regardless of the number of dependents."
Counsel is evidently in error about this because the section applicable is Section 8 of Act 20 of 1914, as amended, 2(E) 7, as amended by Act 242 of 1928, p. 360, Dart's Stat. 4398, E, 7, reading as follows: "If there be neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. If there be both father and Mother, sixty-five per centum of wages."
The Supreme Court in the case of Bradley v. Swift Co.,167 La. 249, 119 So. 37, 39, has interpreted the last-quoted section of Act 20 of 1914 as amended to mean that "if there be neither widow, widower nor child, entitled to compensation,
then to the father or mother * * *."
[2] Having reached the conclusion as set forth above that the widow of deceased was not dependent on him, and therefore not entitled to any compensation, it follows that the mother, if found to be dependent, has a right of action for compensation. There is no dispute that deceased was married to Celia Reynolds about May 1, 1926, and that they lived together only a short time, and that they had not actually lived together as husband and wife since a short time after they were married. The evidence in this case discloses among other things that some time in the year 1932 deceased went through a marriage ceremony with a woman named Pearl Owens, with whom he lived for a year or two, when he left her, and some time about 1936 he commenced to live with Eva Mae Shines, but he was never married to her as, of course, he could not legally contract another marriage, never having been divorced from Celia Reynolds.
Testifying for defendant, Celia Reynolds Henderson and her sister, Rosa Dewhart, undertook to make it appear that deceased and Celia were not actually separated because he continued to see her and occasionally gave her small sums of money, but we are not impressed with this testimony for the reason that it is conclusively shown that he lived with Eva Mae Shines from 1936 until the time of his death, and even if he did give his wife small sums of money occasionally, this is not unusual among people of the negro race whose standards of morals are not as high as among people of the Caucasian race, and very often they continue on friendly terms with the husband or wife who has abandoned them and gone to live with another of the opposite sex without taking the trouble to get a divorce and marry.
The preponderance of the evidence is to the effect that deceased contributed probably all he could to the support of his mother, *Page 769 
whose only other proven income was $2 a week for doing some laundry work. The preponderance of the evidence also supports the conclusion that after 1940 when she and Jim Henderson separated, that he contributed nothing to her support.
A review and discussion of all of the conflicting evidence, covering 115 pages, would serve no useful purpose.
[3] We find no difficulty in reaching the conclusion that the mother of deceased was partially dependent on him for support and that she is entitled to recover at least the minimum of $3 a week which was awarded her by the District judge. The judgment of the lower court cast defendant for all the costs of the suit. Act 135 of 1936 provides that only the costs of the court reporter for taking the testimony may be taxed as costs against the State or any municipality or political subdivision.
For these reasons the judgment will be amended in respect to the court costs and defendant will be taxed only with the court reporter's costs for taking the testimony. In all other respects the judgment is affirmed.