McINNIS, Judge ad hoc.
Plaintiff prays for a declaratory judgment under the following alleged stat-e of facts. On November 21, 1950, Ike Johnson was employed by it as a laborer on road construction work, an occupation admitted to be hazardous within the meaning of the workmen’s compensation act; that late in th-e afternoon of November 21, 1950, an explosion occurred on the job where Ike Johnson was working, resulting in injuries to him so serious that he died November 28, 1950; that it recognizes its obligation to pay compensation to any legal survivors of Ike Johnson.
Plaintiff further alleges that it has been presented with claims by Roberta Johnson, claiming to be the legal widow of Ike Johnson; by Cornelius Abner Johnson, claiming to be the mother of Ike Johnson, and by Lola Johnson, who claims that she is the natural mother of Ike- Johnson, Jr-, Mary Lee Johnson and Lessie Cornelius Johnson, said by her to be the issue of Ike and Lola Johnson, and to have been members of his family and dependent upon him at the time of his injury and death, and that because of these conflicting claims it cannot with safety pay any of them compensation.
The prayer of the petition is that there be judgment decreeing that plaintiff is not indebted to any of the defendants for compensation payments, and in the alternative, should the court find that some or all of the defendants are entitled to receive compensation payments because of the death of Ike Johnson, that a declaratory judgment be rendered fixing the amount to be paid, and the persons it should pay.
Lola Johnson appeared individually and as tutrix, and alleged that she had been living with deceased as man and wife from the fall of 1940 until his death, but was never married to him, and that she is not entitled to anything for herself; that while so living with deceased she was wholly dependent upon him for support, and bore him three children: Ike Johnson, Jr., *828 born April 2, 1946; Mary Lee Johnson, born December 22, 1947, and Lessie Cornelius Johnson, born September 11, 1949, and that deceased was the father of all three children, recognized them and supported them, and held them out to the world as his children, and that they were members of his family within the meaning of the compensation statute. She further alleged that deceased bought the groceries, paid the rent, the utilities and gave her money for incidental expenses, and that the children are entitled to be paid $30 per week for three hundred weeks,
Roberta Johnson answered, alleging that she was married to deceased at Waskom, Texas, on April 24, 1941, and that from that date she lived with him at his domicile as his wife continuously and without interruption, except on occasions when his occupation required his absence for short periods, and at the time of his injury and death she was living with him at the matrimonial domicile, 412 Wilhelmina Street, Bossier City, Louisiana. She alleged that deceased was paid an average weekly wage of $51.75, and that she is entitled to be paid 32%% of this sum, or $16:81 per week for three hundred weeks.
Cornelius Abner Johnson also filed an answer claiming dependency and praying for judgment for 32%% of the wage of deceased, or $16.81 per week for three hundred weeks, but on trial of the case it was found that she is receiving old age payments of $50’ per month, and it is conceded that she is not entitled to be classed as a dependent, nor to any award on account of the death of her son.
Following the trial of the case, the District Court rendered judgment in favor of Roberta Johnson for $15 per week, not to exceed three hundred weeks, and in favor of Lola B. Johnson, tutrix ad hoc for the minors, Ike, Mary Lee and Lessie Cornelius Johnson, for $15 per week, not to exceed three hundred weeks.
From this judgment only plaintiff appealed, and no answers to the appeal were filed by the defendants.
The record discloses that Ike Johnson married Roberta Thris on April 24, 1951. The marriage license was issued by the Clerk of the Harrison, Texas County Court, and at the time of injury he maintained a home for the wife and his mother at 412 Wilhelmina Street in Boosier City and paid the rent and other expenses, and spent some of the time when not working at this home.
The record also discloses that in 1940, before he married, Ike Johnson was living with Lola B. Johnson. She says they first had rooms at 410 Caddo Street; that in 1942 they set up housekeeping at 70S rear Travis Street, later moved to 543 rear Baker Street, and in 1947 moved to 1540 Kenneth Avenue, and in 1949 moved to 1649 Milam Street, all in Shreveport, Louisiana, where they lived until Ike was injured and died-
The record shows that the three children named in the pleadings were born of this illicit union; that Ike Johnson spent at least a part of his time when not working at the various addresses where they maintained homes, paid the rent and other expenses of the home, including support of the children, and that he held them out as his children to a number of witnesses who testified on the trial of the case.
As the trial court said, it is amazing that he could maintain these two homes, one at 1649 Milam Street in Shreveport, and the other across the river in Bossier City, apparently without either woman, or his friends, knowing of the situation. But the record amply supports the conclusion that he did it.
There is now no serious contention that Roberta Johnson, the legal wife, is not entitled to compensation, but plaintiff strenuously argues that the adulterous bastard children born to the illicit union of deceased and Lola B. Johnson are entitled to nothing, and alternatively, that the widow is entitled to 32%% of the wage of deceased, which amounts to $26 per week, and that the children, if entitled to anything, should be given $4 per week.
Plaintiff contends that these children cannot recover under the “member of the family” provision of Act 20 of 1914, as amended, LSA-R.S. 23:1253, because it *829 contends that he could not have two families, but as a matter of fact he did maintain two households, the morals of which conduct we are not called upon to pass in this proceeding.
We therefore conclude that the three bastard children were members of the household, and move on to the question of whether or not they are excluded by the existence of the legal wife.
No case exactly like this one has been found, but there are some similar cases dealing with the question of whether or not the existence of a preferred claimant (in this case a dependent widow), entitled to compensation, bars the claim of other dependents (in this case members of the household).
An early case on the subject is Kirby v. Crystal Oil Refining Corporation, 11 La.App. 562, 123 So. 432, where a sister was denied compensation because deceased left a father entitled to compensation. In Hamilton v. Consolidated Underwriters, La.App., 21 So.2d 432, the Kirby case was distinguished, and it was held that a mother entitled to compensation did not bar the brothers and sisters, members of the household, from their right to compensation- In the Kirby case no contention was made that the sister was a member of the household. In Lunkin v. Triangle Farms, Inc., 24 So.2d 213, the Court of Appeal, First Circuit, held that a dependent mother of deceased, entitled to compensation, barred recovery by the child of deceased’s concubine, citing the Kirby case as its authority, but in Patin v. T. L. James & Co., Inc., 42 So.2d 304, the same Court reconsidered the Lunkin case and the Hamilton case, and overruled the Lunkin case and followed the Hamilton case. In the case of McDonald et ux. v. Louisiana, Arkansas & Texas Transportation Co., 28 So.2d 502, this Court held that the existence of a child entitled to -and being paid compensation, did not bar the father and mother from claiming compensation, and cited Archibald v. Employers’ Liability Assurance Corporation, 202 La. 89, 11 So.2d 492, and the Hamilton case, supra.
Other cases cited by plaintiff are: Williams v. Jahncke Service, Inc., La.App., 38 So.2d 400, and on writs to the Supreme Court, 217 La. 1078, 48 So.2d 93; Balthazer v. Swift & Co., 167 La. 249, 119 So. 37; Harvey v. Caddo De Soto Cotton Oil Company, Inc., 199 La. 720, 6 So.2d 747; Dugas v. Gulf States Utilities Company, La.App., 145 So. 376; Powell v. Paramount-Richards Theaters, Inc., La.App., 22 So.2d 859 and Henderson v. City of Shreveport, La.App., 26 So.2d 766. We find none of these cases in accord with the facts of this case, and are therefore constrained to follow the other cases cited supra, supporting, in our opinion, the conclusion that the children of Ike Johnson, as members of his household, are not barred from claiming compensation because of the existence of the widow entitled to compensation.
We are not advised as to the reasons of the District Court for dividing the compensation equally between the widow on the one hand and the three children on the other — counsel for plaintiff say the District Judge “took the bull by the horns” and simply split the maximum of $30 per week allowed by law, giving one-half to each set of claimants.
Be that as it may, the widow is not complaining here, and is asking only that the judgment as to 'her be affirmed. Were we to hold that the widow should have been awarded $26 per week, we could not amend the judgment because she has not appealed nor answered the plaintiff’s appeal. The effect of holding that she should have been awarded $26 per week would be to reduce the award to the children to' $4 per week, thus defeating, in our opinion, the intention of the compensation statute, which is to provide support for disabled persons and dependents of those whose death is caused by accident sustained in line of duty.
For these reasons, the judgment appealed from is affirmed at the cost of plaintiff in. both courts.
KENNON, J., not participating.