(89 South. 885)

No. 24621.

## HARRIS et ux. v. CALCASIEU LONG LEAF LUMBER CO.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant ⬳388—Compensation to dependent parents not measured by extent of dependency.**

Under Employers' Liability Act, § 8, subsec. 2, par. "g," allowing surviving parents "actually dependent upon the deceased employee to any extent" 55 per cent. of his wages for 300 weeks, the extent of liability is not measured by the extent of the parents' dependency, and where the parents were actually dependent on the deceased employee to any extent, it was immaterial that only about half of his contributions to the family support was used for the support of others than himself.

2. **Master and servant ⬳388—Compensation recoverable by parents "dependent" on child for support of other children.**

Under the Employers' Liability Act, § 8, subsec. 2, par. "g," parents of an employee are dependent on him if dependent on him for aid in supporting other children who are dependent upon them for support in view of the legal and moral obligation of the parents to support their children under Rev. Civ. Code, art. 227.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Proceedings under the Employers' Liability Act by Charles W. Harris and wife for compensation for the death of their son, opposed by the Calcasieu Long Leaf Lumber Company, employer. Compensation was awarded, and the employer appeals. Affirmed.

Pujo & Liskow, of Lake Charles, for appellant.

Robert J. O'Neal, of De Ridder, for appellees

O'NIELL, J. Defendant appeals from a judgment allowing plaintiffs compensation at the rate of $14.337 a week for 300 weeks, under the Employers' Liability Act (Laws 1918, No. 38) for the accidental killing of their son. He was under 21 years of age and was the eldest of plaintiffs' seven children. The father was earning $156 a month. The deceased had been contributing approximately $44 a month to the support of the family, and to that extent the parents were dependent upon him for the family's support. His average weekly wages were $26.14. The compensation allowed by the judgment is therefore 55 per cent. of the weekly wages for the 300 weeks; which is in accord with paragraph (g) of subsection 2 of section 8 of Act 38 of 1918, viz.:

"That for injury causing death within one year after the accident weekly compensation shall be paid under this act for a period of three hundred weeks to the following persons:

"(g) If there be neither widow or widower nor child, then to the father or mother of the deceased employee if actually dependent on the deceased employee to any extent for support at the time of the injury and death, twenty-five per centum of wages; if in such event both the father and the mother of the deceased survive and were actually dependent on the deceased employee to any extent for support at the time of the injury and death, fifty-five per centum of wages for their joint benefit."

[1, 2] Appellee contends that the amount of compensation allowed in this case is excessive, because, as the cost of maintenance of the family of nine was approximately $22 a month for each person, only half of the $44 contributed monthly by the deceased went to the support of the other members of the family. The answer to the argument is that the statute does not measure the extent of liability by the extent to which the parents of the deceased employee were dependent upon him for support. The statute arbitrarily fixes the liability at 55 per cent. of the weekly wages, for 300 weeks, if the parents "were actually dependent on the deceased employee

to any extent for support.". Therefore the extent of liability for compensation is not governed by the extent to which the parents were dependent upon the employee for support. It is sufficient that they were actually dependent upon him to any extent. And it has been decided that such dependence may include dependence for aid in supporting children who are dependent upon the parents for support, because the parents are under a legal as well as moral obligation to support their children. R. C. C. art. 227; Heinzelman v. Board of Commissioners, 149 La. 215, 88 South. 798.

The judgment appealed from is affirmed at appellant's cost.