(122 So. 892)

No. 29853.

FUHRMANN et ux. v. KEENAN.

In re KEENAN.

May 20, 1929.

Spearing & Mabry, of New Orleans, for applicant.

Beard & O'Keefe and Alvin R. Christovich, all of New Orleans, for respondents.

BRUNOT, J. Richard B. Fuhrmann, the son of Emile F. Fuhrmann, and his wife, Agnes Fuhrmann, while in the employ of the defendant in a hazardous occupation, received injuries through an accident on March 26, 1927, from which he died 2 days thereafter. His wages, at the time of the accident, were $15.40 per week. The plaintiffs brought this suit, under the Workmen's Compensation Statutes of Louisiana, upon the ground that they were dependent upon the earnings of their deceased son. They prayed for a judgment decreeing them compensation at the rate of $10.01 per week for 300 weeks, $100 for burial expenses, $50 for incidental expenses, for interest on all deferred demands, and for costs. The answer denies liability. The trial in the civil district court resulted in a judgment dismissing the plaintiffs' suit at their cost. The defendants appealed, but pending the appeal Agnes Fuhrmann died. The Court of Appeal reversed the judgment, and rendered judgment in favor of Emile F. Fuhrmann for compensation at the rate of $3 per week for 300 weeks, and for the further sum of $150 for funeral and incidental expenses, and for all costs. A rehearing was refused, and relator applied to this court for a writ of review. The writ issued, and the record has been sent up in response thereto. The case presents two questions, viz. whether or not the plaintiff is a partial dependent, under the statute, and, as such, entitled to compensation; and, if so, whether the compensation to which he is entitled is $3 per week, or the proportion the amount contributed by the deceased during the year prior to his death bears to his earnings at the time of the accident which caused his death.

Only one witness testified in the case, and that witness was the claimant. The Court of Appeal held that the testimony of the claimant, which was not rebutted, could not be disregarded, and it therefore found, as a fact, that the claimant was a partial dependent, and entitled to compensation at the minimum rate fixed by the State Employers' Liability Acts. This finding of fact is conclusive. The Court of Appeal also held that the minimum compensation to which a partial dependent is entitled under Act 85 of 1926 is $3 per week. The Court of Appeal is correct, provided the wage received by the employee at the time of his injury or death was not in excess of $3 per week. If it was not in excess of that sum, the partial dependent would be entitled to the full wages of the employee. Section 8, par. 3, Act 85 of 1926, p. 119, is as follows:

"The term 'wages' as used in this act is defined to mean the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury, and anything herein contained to the contrary notwithstanding the maximum compensation to be paid under this act, shall be twenty dollars per week and the minimum compensation shall be three dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of three dollars or less per week, then compensation shall be full wages."

Act 85 of 1926 amends and re-ênacts certain sections of Act 20 of 1914 as amended and re-enacted by subsequent legislation. It provides for weekly compensation to an injured employee or to those entitled to compensation, in the event of the death of the employee from injuries received while engaged in a hazardous occupation in the service of his employer, but it does not fix any period of time during which the compensation shall be paid. Act 20 of 1914 (section 8, par. 1, subpar. (e) does, and Act 216 of 1924, p. 400, contains the following provision:

"That for injury causing death within one year after the accident weekly compensation shall be paid under this Act for a period of three hundred weeks," etc.

The foregoing excerpt from the Acts of 1914 and 1924 is not in conflict or inconsistent with any' provision of Act 85 of 1926, and it was therefore not repealed by the general repealing clause of that act (section 2). The legislative intent in passing Act 85 of 1926 would be entirely defeated if the courts held otherwise.

Moreover, there is a provision in every Louisiana Employers' Liability Act requiring the courts to interpret those acts liberally. The Court of Appeal correctly held that plaintiff was entitled to compensation for 300 weeks.

The Court of Appeal also found that plaintiff was entitled to judgment for $100 for funeral expenses and $50 for contingent or incidental expenses. The statute, in specific terms, provides for the recovery of the sums mentioned for funeral and contingent expenses. The judgment of the Court of Appeal is correct, and it is therefore affirmed, at relator's cost.

O'NIELL, C. J., absent, takes no part.