## GUIDRY et al. v. SWIFT & CO. et al.
### No. 2192.

Court of Appeal of Louisiana. First Circuit.

Jan. 14, 1941.

McCoy & King and W. M. Hall, Jr., all of Lake Charles, for appellants.

Robert R. Stone, of Lake Charles, for appellees.

DORE, Judge.

The plaintiffs sued the defendants, Swift & Co. and its compensation insurance carrier, under the Workmen's Compensation Act of Louisiana, Act No. 20 of 1914, for the death of their unmarried minor son, who died on September 6, 1939, as a result of injuries sustained by him on the same day while in the employ of the defendant Swift & Co.

Plaintiffs aver that they were legally married and that decedent was their lawful son. After making the allegations to the effect that the decedent met his death accidentally while serving in the usual course of his employment, and that his weekly wage was $16 at the time of his injury and death, plaintiffs aver that they were wholly dependent upon his earnings for their support. They pray for judgment in their favor ordering the defendants to pay 32½% of the amount of the weekly wage of the deceased, that is, $5.20 per week, to each of them for a period of three hundred weeks.

The defendants admit the death of deceased while employed by them, and they also admit that his wage was $16 weekly. They deny, however, actual and total dependency of plaintiffs, and also deny the marriage of the plaintiffs and the relationship of deceased as alleged.

After trial, the district judge rendered judgment in favor of plaintiffs for $5.20 per week to each of them for a period of 300 weeks, with interest and costs. Defendants have appealed.

Plaintiffs proved their marriage and the birth of the deceased. The evidence shows that he was unmarried and just a little over twenty years of age at the time of his death and lived with the family, consisting of the plaintiffs and his minor brothers and sisters, in their home at Lake Charles. This is admitted by the defendants in this court, thereby leaving the sole issue to be the question of dependency vel non.

The issue of dependency is a question of fact. The testimony of the father and mother of the deceased is to the effect that their deceased son gave his mother all of his wages for more than a year prior to his death. The testimony of another minor son is to the effect that he saw his deceased brother give his mother his weekly wage on several occasions. The evidence is also to the effect that this other minor son also earned some money for two or three months prior to decedent's death which was also given to his mother. The father, Willie Guidry, one of the plaintiffs, worked not over half of the time and his weekly earnings did not average over $20 per week during the year prior to decedent's death. All of these wages were turned over to the wife and mother, who seemed to have been the business and financial manager for the whole family consisting of the husband, wife and four minor

children, for their support and sustenance. There may have been weeks when the entire income amounted to from $40 to $50, but the evidence shows that the average income of all concerned was far less than this amount.

It appears that the plaintiffs own their own home and are apparently rather thrifty. For a family of this size, it is obvious that the amount turned over by those members of the family who worked was required to maintain the home and family.

The only evidence to contradict the testimony given by these three members of the family is that of an attorney who was representing the defendant insurance company and who called on the plaintiffs a day or two after the accident and death of the decedent to investigate the question of dependency. His testimony is to the effect that Sophie Guidry, one of the plaintiffs, and mother of the deceased employee, told him that when her children were young and earned money she required them to turn over their earnings to her, but that when they would reach the age of discretion she would allow them to keep half of their earnings for their own use; that, at the time of his death, the deceased was contributing only half of his earnings to the support of the family, retaining the other half for his own use; that in addition to the amount he was contributing to the support of the family, the deceased was paying installments on a stove or refrigerator and occasionally would give her a dollar or so as extra money; that, at the time of his interview, she was considerably upset; that apparently there was a very close feeling in the family.

The plaintiff and mother, Sophie Guidry, testified that she did not remember making any statement to the attorney relative to the deceased contributing only half of his wages, but that, if she did make such a statement, she meant thereby that she spent half of the money on him and the other half on the family. In any event, the testimony shows that out of the earnings which the decedent earned either he or his mother paid $11 on a plumbing bill and $5.33 for a stove, monthly, all of which inured to the benefit and support of the family.

■ The deceased was a minor and his parents owed him support, and in turn whatever he earned was due to the parents for their support and that of the family. Whatever small amounts he might have spent on himself would have to be supplied out of the family income had he not been working at all. The lower court was of the opinion that, for all intents and purposes, the deceased contributed all, or substantially all, of his earnings to the support of his parents and the family. We cannot say that he manifestly erred in his conclusion of facts.

■ Under the finding of facts and in line with our decision in the case of Duos et ux. v. Gravier & Harper, 185 So. 665, and the decisions therein cited, the plaintiffs are entitled to recover the full 65% of the weekly wage of their deceased son for a period of 300 weeks as awarded.

For these reasons, the judgment appealed from is affirmed.