FOURNET, Justice.
 

 This case is before us on a writ of cer-tiorari granted Mrs. Viola Geffert Haynes for the purpose of reviewing the judgment of the Court of Appeal for the Parish of Orleans affirming the judgment of the lower court dismissing her suit against the Loffland Brothers Company and its insurer, the Insurors Indemnity and Insurance Company, on behalf of her minor son, Billy Louis Thomas, to recover compensation for the death of the minor’s father and her former husband, Louis F. Thomas, during the course of his employment. The sole question presented for our consideration is the right to such compensation under our laws when the undisputed facts show the child was neither living with the father at the time of the accident and death nor receiving any contribution from the earnings of the deceased toward his support,
 

 The provisions of the Employers’ Lia? bility Act, (Act 20 of 1914, as amended) per? tinent to the issues here involved, are thaf “For injury causing death within one year after the accident there shall be paid to the legal dependents of .the employee,
 
 actually and■ ’wholly dependent upon his ■earnings for support at the time of the. accident and
 
 death, a’ weekly sum as hereinafter provided * * *.’’ Subsection 2. of .Sectiop 8, Act No. 242 of 1928, .p. 358. “A phiM.or
 
 *283
 
 children under the age of eighteen years (or over said age, if physically or mentally incapacitated from earning)” is conclusively presumed to be wholly and actually dependent “upon the parent with whom he is, or they are, living at the time of the injury of such parent.” “In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death”. Paragraph D of sub-section 2 of Section 8. There is a further qualification to be found in Paragraph I of this same subsection : “In all cases provided for ttnder this Section the relation or dependency must exist at the time of the accident and at the time of death,
 
 and the mere expectation or hope of future contributions to the support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact/1
 
 (Italics ours.)
 

 The above italicized portion of Paragraph I was not incorporated in the act as originally adopted in 1914. It was made a part of the act by the adoption of an amendment in 1926, Act 85, p. 114, and ever since its adoption vthe appellate courts of this state have consistently held that one not conclusively presumed to be dependent upon the earnings of the deceased employee .for support under the provisions of paragraphs (B), (C), and (D) of sub-section 2 of Section 8, (i. e., husband, wife, and children living with the deceased employee at the time of the injury) must 'not only prove he is or they are legal dependents of the deceased but also that the deceased employee was actually contributing to their support at the time of the accident and death. Fuhrmann v. Keenan, 168 La. 642, 122 So. 892; Edwards v. Standard Gin & Mfg. Co., 12 La.App. 153, 125 So. 593; Harris v. Louisiana Oil Refining Corp., 13 La.App. 416, 127 So. 40; Plick v. Toye Bros. Auto & Taxicab Co., 13 La.App. 525, 127 So. 59; Chauvin v. American Mutual Liability Ins. Co., 17 La. App. 187, 134 So. 450; Lemmler et al. v. Fabacher, 19 La.App. 144, 139 So. 683; Lewis et al. v. Southern Advance Bag & Paper Co., La.App., 147 So. 532; Jones v. Dendinger, Inc., et al., La.App., 147 So. 732; Keyhea v. Woodard-Walker Lbr. Co., Inc., La.App., 147 So. 830; Rollins v. Foundation Co. et al., La.App., 154 So. 674; Fulton Bag & Cotton Mills v. Fernandez et al., La.App., 159 So. 339; Swift & Co. Fertilizer Works v. Harris et al., La.App., 166 So. 516; Britt v. Nashville Bridge Co., La.App., 171 So. 493; Woodard v. Murphy Iron & Boiler Works, Inc., et al., La. App., 172 So. 397; Darrow v. Travelers Ins. Co., La.App., 175 So. 98; American Mut. Liability Ins. Co. v. Sanders et al., La.App., 177 So. 498; Sanders v. M. Feitel House Wrecking Co. Inc., La.App., 180 So. 442; Dillon v. Traders & General Ins. Co., La.App., 183 So. 553; Guidry v. Swift & Co. et al., La.App., 199 So. 619; Dudley v. Martin, La.App., 4 So.2d 102; Pointe Coupee Electric Membership Corp. et al. v. Pettey, La.App., 6 So.2d 764; Archibald
 
 *285
 
 v. Employers’ Liability Assur. Corp., La. App., 20 So.2d 178; Stubblefield v. McKesson & Robbins, Inc., La.App., 20 So.2d 430; Hamilton v. Consolidated Underwriters, La.App., 21 So.2d 432; Thompson v. Vestal Lbr. & Mfg. Co., 208 La. 83, 22 So.2d 842; Powell v. Paramount-Richards Theatres, Inc., et al., 22 So.2d 859; Moy et al. v. Schuylkill Products Co. et al., 209 La. 782, 25 So.2d 542; Sandidge v. Aetna Casualty & Surety Co. et al., La.App., 29 So.2d 522; Slaughter v. Liberty Mut. Ins. Co., La. App., 33 So.2d 86.
 

 This court through the author of this opinion observed in the Moy case, where recovery was denied to a surviving widow and minor children who were not living with the deceased and not receiving any contributions from him, that [209 La. 782, 25 So.2d 543] “However unfair it may seem that these unfortunate children should be made to continue suffering because of the unworthiness of their father, simply because their mother or some one else on their behalf did not coerce him by means of legal proceedings to fulfill the duties legally imposed upon him as their father, our lawmakers did not provide for such a case under our compensation law and we are powerless to prevent the perpetuation of this injustice that has been brought upon them through no fault of theirs and that must, in the future, be continued in similar instances until the legislature, in its wisdom, may see fit to correct the same, since this is a matter that falls exclusively within the province of that branch of our government.”
 

 In the instant case the Court of Appeal for the Parish of Orleans in referring to this statement felt that this use of the word “coerce” connotes more than an unsuccessful effort to force a result. “In other words, the court did not mean that it will be sufficient if an attempt is made to force the husband or father to contribute. What it clearly means is that actual dependency is not shown by the mere effort to make the husband or father contribute. The attempt must produce the result and there must actually be the receipt of support or the dependency, which is necessary, is not shown”. [34 So.2d 80, 83.]
 

 Counsel for the plaintiff, however, contends the Court of Appeal erred in its holding that the Moy case is controlling here and in its appreciation of the significance of the statement from the Moy case since the record in the instant case shows the wife obtained a judgment of divorce from the deceased in which she was also granted the custody of the minor and alimony of $15 a month for the child’s support, which alimony was not only badly needed by the minor but was sought to be collected in every way possible, the child’s mother exerting every effort toward locating her husband, even employing the good offices of the district attorney and district judge, and eventually having her husband, when finally located, indicted for failure to "pay "'the
 
 *287
 
 alimony although the indictment, obtained approximately a month prior to his death, availed her nothing since the state refused his extradition. He cites in support the cases of Gregory v. Standard Oil Co. of Louisiana, 151 La. 228, 91 So. 717, and Stubblefield v. McKesson and Robbins, Inc., La.App., 20 So.2d 430.
 

 Neither of these cases is controlling or pertinent here. The Gregory case was decided prior to the passage of the 1926 amendment and is generally credited with being the reason for the legislature’s adoption of the provision with reference to the expectation or hope of future contributions. In the Stubblefield case the minor was not only living with his mother but was also actually contributing toward the upkeep of the household, thus relieving- her of her legal obligation to maintain him. Despite the fact, therefore, that the mother was not herself being supported by the child, but by her second husband, the court found the mother was dependent upon the deceased within the meaning and contemplation of the law because she was dependent upon the contributions -made by him toward his own support.
 

 If the problem posed in this case were being considered by the courts for the first time, we might view counsel’s argument with favor. However, in view of the 'unanimous holdings of the courts of this state for over 20 years that from the language used in the 1926 amendment the legislature intended the contrary, we feel it would be an encroachment upon the functions of the legislature for the courts at this late date to attempt to place a different construction thereon, particularly since the legislature in the interim has had its attention called to this gross injustice on a number of occasions in the various opinions of the courts and has not seen fit to change the provision it added to Paragraph I by the 1926 amendment despite the fact that it has met in regular session every two years since then and has also held innumerable special sessions, during many of which sessions the act has been amended in other respects. And this is even more true since it cannot be said the language used, when considered with the historical background of these dependency provisions that prompted many of the amendments, does not fairly, if not precisely, support the interpretation that has been placed on this provision by the courts.
 

 The act as originally passed in 1914 provided that legal dependents of the deceased employee “wholly dependent upon his earnings for support at the time of the injury” should recover according to the sliding scale therein set out. A husband living with his wife, a wife living with her husband, and a child living with the deceased parent were
 
 conclusively
 
 presumed to be “wholly” dependent upon the deceased for support. No person was considered a dependent “unless a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal
 
 *289
 
 descendant or ascendant, or brother or sister, or legally adopted child.” Paragraph (e) of sub-section 1 of Section 8 and paragraphs (a), (b), and (c) of sub-section 2. In the 1916 amendment of Section 8 (Act 243, p. 513) the provisions of sub-sections 1 and 2 with respect to the conclusive presumption of dependency in the case of a surviving spouse or child were eliminated and recovery was permitted in accordance with the number of children in the family. In the absence of a surviving spouse and children, provision was made for recovery by the father and mother “if dependent on the deceased to any extent for support”, § 8, subd. 1(f) (7), and brothers and sisters if “actually dependent on the deceased for support to any extent”. § 8, subd. 1 (f) (8). In this amendment for -the first time we find the provision “In all cases provided for in -this schedule the relation or dependency must exist at the time of the injury.” (Paragraph 11 of sub-section (f) of Section 8.) In 1918, Act 38, p. 53, the amendment adopted by the legislature provided for the insertion of the word “actually” before the word “dependent” in the provision with reference to recovery by the father and mother. In this amendment also it was provided that a surviving spouse could not recover unless living with the deceased or “actually dependent [upon him] for support”. (Sub-section 2(g) of Section 8.) These provisions remained the same when the act was further amended by the adoption of Act 247 of 1920, p. 467.
 

 In 1921 the Supreme Court, allowing a father to recover although there had been no showing that he was dependent upon his son, held in the case of Heinzelman v. Board of Commissioners of Port of New Orleans, 149 La. 215, 88 So. 798, 800, that “dependent to any extent” is a very broad term, including aid for the discharge of a
 
 legal
 
 obligation to support, as well as that actually given in supplying
 
 personal
 
 wants. In the case of Harris v. Calcasieu Long Leaf Lbr. Co., 149 La. 649, 89 So. 885, decided that same year, it was held that “the extent of liability for compensation is not governed by the extent to which the parents were dependent upon the employee for support. It is sufficient that they were actually dependent upon him to any extent.” The next year, in the Gregory case, supra, the court extended its construction of these dependency provisions to include parents in necessitous circumstances to whom the minor child had made no actual contributions, having died before he could carry out his promise to send them certain weekly amounts for their support. Also in 1922 a working father who was not actually dependent upon his deceased minor son for support was permitted to recover along with the mother because the deceased had pooled his earnings with those of his father and another minor brother in helping to support a large family, the court stating it was not intended that dependents could only recover under the act if they were in “actual want and suffering.” Hamilton v. Texas
 
 *291
 
 Company, 151 La. 692, 92 So. 301, 302. This jurisprudence, as was pointed out by the Court of Appeal for the
 
 Second
 
 Circuit in deciding the case of Cauthorn v. Cypress Tank Co., 1 La.App. 100, in 1924, "repudiated the suggestion that actual, absolute, present dependency was a necessary condition to the right of recovery.”
 

 In the face of the construction placed on the act by the courts the legislature, in its Act 85 of 1926, reverted to the provisions substantially as they had been incorporated in the original act, restoring subsection 2 of Section 8 with its
 
 conclusive
 
 presumptions of dependency, but adding the further qualification to Paragraph I of this sub-section that “the mere expectation or hope of future contributions to the support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.” Since the adoption of this provision, as above pointed out, the courts have consistently held that both relationship and contribution to support at the time of the injury and death must be proved in all cases where dependency is not conclusively presumed.
 

 We think, therefore, most appropriate here the observation of the learned author of the opinion in the case of Ford v. Louisiana & A. Ry. Co., La.App., 196 So. 403, 405 that: “The power -to enact a Workmen’s Compensation Law reposes in the law-making body' of the state. The amount of compensation, to whom due and payable, the limitations and restrictions within which it may be demanded, peculiarly address themselves to the law-making power. Act 20 of 1914, with subsequent amendments, reflects the will of the lawmaker on the subject and through its beneficent provisions dependents acquire the right to demand and receive the monetary benefits named therein. Courts are not concerned with the lack of consistency, the inequities or other seemingly apparent shortcomings of the act. It is their province to construe and enforce its provisions as written, especially when unambiguous.”
 

 For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is reinstated and made the judgment of this Court.
 

 O’NIELL, C. J., takes no part.
 

 MOISE, J., concurs with written reasons.