GLADNEY, Judge.
This case arises under the Workmen’s Compensation Law and presents a claim for dependency compensation by a surviving wife and two children of an employee who sustained fatal injuries. The defendant employer, Central Culvert Corporation, and its insurer, American Employers Insurance Company assert there is no liability for compensation as plaintiff and her two children were living separate and apart from her deceased husband at the time of the accident and death and received no support from him. After trial the judgment rendered rejected plaintiff’s demands, hence this appeal.
This suit is a companion case with that of Williams v. American Employers Insurance Company, La.App., which was recently decided by this court, 103 So.2d 568. The decree in the Williams case is not important to the resolution of the instant action. However, for purposes of trial the two cases were consolidated with a stipulation of all of the salient facts except evidence, relating to actual support of his wife and children by the deceased employee.
Herman Hudson was employed by Central Culvert Corporation as a common laborer at an hourly wage of $1 per hour for an eight-hour day when on November 17, 1956, he met death as a result of accidental injuries received in the course and scope of his employment. .He was legally married to Annie Lee Jackson Hudson on March 13, 1954, and of this marriage two children were born, namely, Herman Hudson, Jr. born on August 18 1954, and Linda Gail Hudson born on October 5, 1956. There was no divorce and Annie Lee Hudson testified that she had not remarried since her husband’s death.
The plaintiff was a very young negro girl at the time she married and thereafter for awhile she and her husband lived together at the home of Herman’s mother. Support was provided by Herman Hudson only when he worked, and when he did not work his mother supported Annie Lee. After a time they were separated due to the fact, as Annie Lee expressed it, Herman Hudson was not providing support. This separation was of temporary duration. After a reconciliation in the summer of 1955 the couple resumed living together and continued this relationship until the first of December, 1955, when Hudson abandoned his family and thereafter did not at any time live with his wife, but lived in a state of open concubinage with Henrietta Williams, who on July 24, 1957, gave birth to a son.
Annie Lee Hudson testified Herman Hudson did not give her any money for her support after the separation in December, 1955. She related that occasionally she would see him in a grocery store where he would give his two year old son, Herman, Jr., some pocket change, which she explained in this way: “ * * * when he would see the little boy he’d give him something out his pocket, and twice he brought him some baby food.” She said the largest sum he ever gave the boy was $1.50. Coun *255 sel elicited from Annie Lee Hudson the statement she expected or hoped he would come back to her and begin to support his children. The foregoing evidence is all we find in the record pertaining to any support contributed by the deceased to his wife and her children after December 1, 1955, at about which time Herman Hudson began living with Henrietta Williams.
Under the Workmen’s Compensation Act, a wife or a child under eighteen years of age, living with the husband or father at the time of the accident or death is conclusively presumed to be wholly and actually dependent, LSA-R.S. 23:1251, and when it cannot be shown such a claimant was living with the employee, entitlement to compensation will be recognized if entire or partial dependency upon the employee existed at the time of the accident or death.
The statute plainly and expressly provides, LSA-R.S. 23:1253:
“No person shall be considered a dependent,. unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child.”
Another stipulation is found in Section 1254 of the Act, declaring that in all cases the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact. The italicized words were incorporated in the Workmen’s Compensation Law by Act No. 85 of 1926. Prior to this amendment the jurisprudence of the appellate courts of this state had not required a showing of actual, absolute and present dependency as a condition to the right of recovery, but since this amendment in the basic law our courts have consistently held both relationship and contribution to support at the time of the injury and death must be proved in all cases where dependency is not conclusively presumed. A discussion of the jurisprudence leading up to the adoption of Act 85 of 1926 and its after effect is found in Haynes v. Loffland Bros. Co., 1949, 215 La. 280, 40 So.2d 243.
As aptly stated by the judge a quo:
“The simple facts of the case reveal Hudson’s wife and children were not ‘partially, actually dependent upon his earnings for support at the time of the accident and death.’ The few paltry gifts that he made to the little boy cannot without violation of reason be transformed into support nor stand as evidence of dependency. It remains only to be said that for the last months of his life, Hudson did not make a single gift or contribute in any way to his wife and child.”
Counsel for appellee has called to our attention the case of Fernwood Industries, Inc. v. Mitchell, 1953, 219 Miss. 331, 68 So.2d 830, 833, decided by the Supreme Court of the State of Mississippi, wherein a claimant sought death benefits on behalf of an illegitimate son of the deceased worker. Statutory provisions of the Mississippi law are substantially identical with those of Louisiana. Contributions by the deceased worker to the support or maintenance of claimant during the last four years consisted of three pairs of pants, a shirt and now and then a nickel, dime or quarter. Claimant was living in the home of his mother and stepfather. They were furnishing him all clothing, sustenance and school expenses. The court said:
“Tested by the past, claimant had no expectation of receiving any substantial support whatever from Mitchell in the future. Therefore, somewhat regretfully, we are forced to the conclusion claimant was not a dependent of Floyd Mitchell.”
In the instant case the evidence conclusively shows plaintiff and her children are without right of recovery under the Louisiana statute. The following cases support *256 the ruling of the trial judge: Woodard v. Murphy Iron & Boiler Works, Inc., La. App., 1937, 172 So. 397; Moy v. Schuylkill Products Company, 1946, 209 La. 782, 25 So.2d 542; Kilman v. Smith, La.App., 1946, 28 So.2d 499; Haynes v. Loffland Bros. Company, 1949, 215 La. 280, 40 So. 2d 243; Williams v. Armour Fertilizer Works, Inc., La.App., 1950, 45 So.2d 640; Howard v. Maryland Casualty Company, La.App., 1956, 84 So.2d 477.
The judgment from which appealed is affirmed.