HALL, Judge.
This is an appeal from a summary judgment (LSA-C.C.P. Art. 966) dismissing a wife’s suit to recover death benefits for herself and her three minor children under the provisions of the Louisiana Workmen’s Compensation Act.
Plaintiff’s pleadings and her deposition taken under oath in the presence of her attorney show affirmatively that neither she nor any of the children had resided with the decedent for at least five years prior to his death; and that decedent had contributed nothing to the support of either the plaintiff or any of the children for at least three years prior to his death.
No issue is presented as to any material fact, and the defendants are entitled to a judgment in their favor as a matter of law.
The jurisprudence is clear to the effect that a wife or child who is not living with the decased employee at the time of his accident or death cannot recover death benefits under the Workmen’s Compensation Act unless it is proved that they were actually dependent upon the decedent and that he was actually contributing to their support at the time of the accident and death. See LSA-R.S. 23:1231; 23:1251-55; Haynes v. Loffland Bros. Co., 215 La. 280, 40 So.2d 243; Moy v. Schuylkill Products Co., 209 La. 782, 25 So.2d 542; Williams v. Jahncke Service Inc., La.App., 55 So.2d 668; Williams v. Armour Fertilizer Works Inc., La. App., 45 So.2d 640; Zuviceh v. Schnyder, 18 La.App. 121, 137 So. 379; Hudson v. Central Culvert Corporation, La.App., 108 So.2d 253; Hooper v. Southern Pulpwood Insurance Company, La.App., 140 So.2d 785.
The judgment appealed from is affirmed.
Affirmed.