LOTTINGER, Judge.
This is a workmen’s compensation suit filed by Claire Kirt Coleman, widow of Alex Coleman, individually and as natural tutrix of the minor children, Alex Coleman, Jr. and Chery Coleman, seeking benefits for herself and her minor children as a result of the death of her husband on September 2, 1965. The Trial Court found in favor of the plaintiff awarding the sum of $35.00 a week for 400 weeks beginning September 2, 1965, with 5% per annum interest from due date, plus $600.00 with interest, as burial expenses, as well as $1,000.00 attorney fees plus statutory penalties, all subject to a credit of $7,000.00. From this judgment, the defendant has appealed.
There is no dispute, and it is admitted, that Alex Coleman died in a two car collision on September 2, 1965, while operating a truck for the defendant-employer, Lone Star Packing Company, Inc., (hereinafter sometimes referred to as Lone Star) and in the course and scope of his employment. It is further not disputed that the deceased was married to the plain *722 tiff, Claire Kirt Coleman, and two minor children were born of this marriage, namely, Alex Coleman, Jr., and Chery Coleman, and that plaintiff made demand through her attorney for payment of benefits under the workmen’s compensation law. A settlement in the amount of $7,000.00 was made with the insurer of the third party tort feasor involved in the accident.
While much testimony has been adduced on the factual issue of whether the deceased and plaintiff were living together at the time of death, we believe for reasons hereinafter expressed that our consideration of that issue is unnecessary. We believe that a determination of the following issues are decisive of the case: (1) whether the plaintiff and her two minor children were dependent upon deceased at the time of his death for support so as to entitle them to compensation benefits and (2) whether the employer Lone Star was arbitrary, capricious or without probable cause in its failure to make compensation payments to plaintiff.
We shall first determine whether the plaintiff was entitled to any compensation benefits. Mr. Everette M. Luke, president of Lone Star, testified that on several occasions he had withheld portions of the deceased’s paycheck and turned this portion over to the plaintiff. In fact, at the time of the accident which caused the death of Alex Coleman, Lone Star was deducting from the paycheck funds sufficient to satisfy a criminal neglect charge levied against the deceased by his wife, the plaintiff. It would therefore seem to this Court, as we feel the Trial Judge was of the opinion, that the plaintiff, as well as the minor children, were definitely dependent on the deceased at the time of his death. Simply because it was necessary for the plaintiff to resort to legal proceedings to obtain support money does not diminish the dependency.
LSA-R.S. 23:1255 provides that:
“No compensation shall be payable under this Part to a widow unless she was living with her deceased husband at the time of the injury or death, or was then actually dependent upon him for support * * * ” (Emphasis added)
And in Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587, 588, the Supreme Court said:
“Our law and jurisprudence, LSA-R.S. 23:1231, 23:1254-55; Haynes v. Loff-land Bros. Co., La.App., 34 So.2d 30; 215 La. 280, 40 So.2d 243; Moy v. Schuylkill Products, 209 La. 782, 25 So.2d 542; Hudson v. Central Culvert Corp., La.App., 108 So.2d 253, clearly set forth that a surviving wife separated from her husband by a judicial separation a mensa et thoro is entitled to benefits under the Workmen’s Compensation Act (Act 20 of 1914, as amended, LSA-R.S. 23:1021 et seq.) for the death of her husband suffered during the course of his employment, if she was dependent upon him for support from his earnings and was receiving such support at the time of his death.”
As to the opinion of whether the employer was arbitrary in failing to pay compensation benefits to the plaintiff, we feel that considering the testimony of Everett M. Luke, president of the defendant, that support withholdings were being made at the time of the death of the employee, and in light of the above law and jurisprudence, we do not find any error in the award of the Trial Judge concerning attorney fees and penalties.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
Judgment affirmed.