393 So.2d 385 (1980)
Russell DURBIN et al.
v.
ARGONAUT INSURANCE CO. et al.
No. 13867.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Robert Mack, Hammond, for plaintiff.
Carlos E. Lazarus, Jr., Houma, for defendant Argonaut Insurance Co.
Leonard E. Yokum, Hammond, for defendant Dibert, Bancroft & Ross Co.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
The parents of a deceased employee brought this action for death benefits against the employer's workmen's compensation insurance carrier.[1] The insurer appeals the trial court judgment awarding the plaintiffs $25.00 per week for 400 weeks. The plaintiffs have not appealed the trial court judgment rejecting their tort suit against the employer's executive officers. That matter is now final.
The sole issue on appeal is whether the plaintiffs proved they were actually dependent upon the deceased at the time of death. La.R.S. 23:1252, 1254.
Eddie Durbin suffered a compensable fatal injury in 1976 while in the course and scope of his employment with Dibert Bancroft & Ross, Limited. At the time of death and for the two or three months he was working for the company, Eddie lived at home. Both parents testified that Eddie gave them $10.00 to $20.00 per week, depending upon the size of his check, up to a month before his death. His mother told him he need not continue contributing the money because he was getting married and he needed the money to establish his new apartment.
*386 Eddie's mother fixed him two meals a day while he lived at home and she fixed him a lunch to take to work. She washed his clothes and took care of his room. In his spare time, Eddie helped around his family's 110-acre farm by feeding the animals and getting the corn ground for about 100 head of cattle. He also occasionally helped out at a family restaurant. The father claimed the deceased on the father's income tax during the year of death. Both parents testified that the money given to them by Eddie was not in return for his living at the house.
In written reasons for judgment, the trial court found that there was a "partial actual dependency" on the part of the plaintiffs attributable to Eddie's earnings and to his work on the farm. The court explicitly took into account Eddie's contributions through work on the farm in finding under La.R.S. 23:1231 that Eddie contributed 20% of his total weekly wages to the plaintiffs.[2]
The defendants contend on appeal that the plaintiffs failed to prove that they were dependent either partially or fully on contributions from the deceased for their support. They cite the following facts to back up their claim:
The parents' testimony regarding the contributions was self serving;
The parents instructed the deceased to stop payments one month before the fatality since the son was soon to be married;
The father claimed the son on his income tax return;
The father occasionally gave Eddie money for work Eddie did on the farm or at the restaurant.
Under La.R.S. 23:1252 the question of legal and actual dependency in cases in which conclusive dependency does not exist shall be determined "in accordance with the facts as they may be at the time of the accident and death." La.R.S. 23:1254 provides that "the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact."
In its latest discussion of the dependency issue, the Louisiana Supreme Court in Hurks v. Bossier, 367 So.2d 309 (La.1979), cited with approval Larson's definition of dependency.
"The general test of dependency may be stated as follows: A showing of actual dependency does not require proof that, without decedent's contributions, claimant would have lacked the necessities of life, but only that decedent's contributions were relied on by claimant to maintain claimant's accustomed mode of living." The Law of Workmen's Compensation, Matthew Bender, Volume 2, 1976, § 63.11.
As to partial dependency, Larson states at 63.12:
"Partial dependency may be found when, although the claimant may have other substantial sources of support in his own work, from property, or from other persons on whom claimant is also dependent, the contributions made by the decedent were looked to by the claimant for the maintenance of his accustomed standard of living."
The court in Hurks held that the contributions by the deceased of $50.00 to $60.00 a week to his mother who lived in poverty with her invalid mother and with the deceased supported a showing of dependency. The Hurks court cited McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971), where the Supreme Court held that a mother proved dependency by showing that her son contributed $15.00 to $20.00 a week out of a $55.00 paycheck. The mother earned about $40.00 a week as a domestic worker.
*387 The defendants assert that the rule fashioned in Hurks and McDermott, supra, requires the plaintiffs to show that Eddie's contributions were relied on by his parents to maintain their accustomed mode of living. They also claim that the fact that the payments had ceased one month before the time of death shows that the Durbin family did not rely on Eddie's contributions to maintain their accustomed mode of living.
In 14 Louisiana Civil Law Treatise, Workers' Compensation, Section 309 (West, 2nd Ed. 1980), Professors Wex Malone and H. Alston Johnston, III, comment that:
"... in all cases (except where the dependency of the spouse and child is conclusively presumed), the claimant must prove dependency by establishing both a need for support and also the fact that contributions to his support were actually made by the deceased during the latter's lifetime
* * * * * *
"Thus, it is commonly held that neither need for support nor the existence of a moral or legal obligation to support is sufficient proof of dependency if there is not showing that the deceased in fact contributed to the claimant's support
* * * * * *
"The dependency must have existed at the time of the accident and death. Proof of prior dependency is not sufficient, and contributions made by the deceased to a partial dependent more than a year before the death cannot be included in determining the amount of compensation to which a partial dependent is entitled."
We think the law of this state is clear that for a dependency relationship to be shown the relationship must exist at the time of death. Additionally, a decedent's contributions must be relied upon by the claimant to maintain the claimant's accustomed mode of living. The fact that the decedent in this case stopped making the payments to his mother about one month prior to his death and the fact that his parents were adequately supporting themselves without the decendent's contribution leads us to the conclusion that the decision of the trial court must be reversed. See Darrow v. Travelers Ins. Co., 175 So. 98 (La.App. 2nd Cir. 1937), writ denied, June 21, 1937, wherein termination of contributions more than a year prior to death was used by the court to hold that the decedent was not supporting his parents at the time of death.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed, and plaintiffs' petition is dismissed with prejudice. All costs in both the trial court and this court are assessed against plaintiffs-appellants.
REVERSED AND RENDERED.
NOTES
[1] The parents are Russell and Nacine Durbin. Other plaintiffs are Brenda Durbin, Debbie Durbin and Shari Durbin, three minor children of Mr. and Mrs. Durbin; and Joei Durbin, John Durbin, Wayne Durbin and Russell Durbin, Jr., major brothers of the deceased. The trial court's award was in favor of the parents only, and the plaintiffs do not contest this decision. The issue of liability vel non to the brothers and sisters will therefore not be addressed in this opinion.
[2] Eddie earned $3.26 per hour on the date of death which computes to $130.40 for a 40-hour week. A contribution of $10.00 to $20.00 per week out of that amount would represent 7.5% to 15% of the total weekly wage. The trial court apparently found that the work on the farm accounted for the remainder of the 20% which the deceased contributed to the plaintiffs.