IzHILLARY J. CRAIN, Judge Pro Tern.
This is an appeal by plaintiff, Katherine L. Lathrop, in her capacity as legal guardian of the minor, Kandace LaCole Lathrop, of the hearing officer’s judgment, granting a motion for summary judgment and dismissing her claim against defendants, Hercules Transportation and the Louisiana Commerce and Trade Association Self Insurers Fund. We reverse.
FACTS
Katherine L. Lathrop and James Dean Lathrop were married on June 27, 1987. They had one child, Kandace LaCole La- *396 throp. An Arkansas court granted the La-throps a divorce on June 11, 1990. Ms. Lathrop was awarded custody of Kandace, and James Lathrop was ordered to pay $100 per month in child support. Mother and child moved into a trailer located on Ms. Lathrop’s parents’ property.
Ms. Lathrop has three other children. Since the divorce, she has been employed at various jobs, making minimum wage. The children are on Medicaid. James Lathrop had no other children.
In March, 1991, James Lathrop resided and was employed in Mississippi. Ms. La-throp obtained a Mississippi court judgment under the Uniform Reciprocal Enforcement of Support Act which ordered James Lathrop to pay child support of $75 monthly, and to pay $25 monthly to reduce a support obligation arrearage of $700. A withholding order was issued directing Lathrop’s employer to withhold $100 monthly. Under this order, the amount withheld was paid to the Department of Human Services in Mississippi which then forwarded the payment to Arkansas.
A payment log was filed showing that monthly payments were made from May, 1991 to October, 1991, totaling $800. The log also records a payment of $161.27 in July, 1992. This last payment bears the notation “Fed Tax.” Counsel allude to the fact that the $161.27 payment was the result of a hen on James Lathrop’s income tax refund.
James Lathrop died on May 20, 1992, in the course and scope of his employment with Hercules Transportation. Katherine La-throp, on behalf of her daughter, filed a workers’ compensation claim. After ^answering, defendants, Hercules and Louisiana Commerce and Trade Association Self Insurers Fund, filed a motion for summary judgment.
The hearing officer granted defendants’ motion based on her determination that Kan-dace was not dependent on her father for support. The hearing officer reached this conclusion because the last regular payment was seven months prior to Mr. Lathrop’s death. She stated that if payments had been made steadily up to a couple of months before his death, she would have “jumped the other way.”
LEGAL ANALYSIS
Ms. Lathrop’s claim for death benefits on behalf of her daughter is governed by La.R.S. 23:1281-55. Legal dependents of the deceased employee who are actually depen-dant upon the employee’s earnings are entitled to compensation. La.R.S. 23:1231. A spouse and the children of the deceased employee who are living with the decedent at the time of injury and death are presumed to be wholly dependant upon the employee. La.R.S. 23:1251. Under La.R.S. 23:1252, the question of legal and actual dependency, in cases in which conclusive dependency does not exist, shall be determined “in accordance with the facts as they may be at the time of the accident and death.” La.R.S. 23:1254 provides that “the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.” Durbin v. Argonaut Insurance Co., 393 So.2d 385, 386 (La.App. 1st Cir.1980).
The hearing officer reached the conclusion that James Lathrop’s daughter was not dependent upon his support at the time of his death. The hearing officer relied on Durbin v. Argonaut Insurance Co. for her determination regarding dependency. In Durbin, a son, who had been living with his parents and giving them between $10 and $15 weekly, ceased making payments one month before his death. In the lower court, compensation was awarded. This decision was reversed upon appeal. The appellate court reached its 14ruling based on the fact that the decedent had stopped making payments one month before his death and that his parents were adequately supporting themselves without his assistance. Durbin is distinguishable.
Mr. Durbin was to be married. His mother told him to stop making payments so that he could establish his new apartment. This simple fact is proof that at the time of Mr. Durbin’s death, his parents were no longer looking to him for assistance. This is not the case in the present matter.
*397 Although no support payments had been collected in the seven months prior to Mr. Lathrop’s death, Kandaee received $800 from her father’s earnings from May 14,1991 until the date of death, May 20, 1992. Furthermore, a $161.27 support payment was made after Mr. Lathrop’s death as a result of a refund of taxes collected from Mr. Lathrop’s earnings preceding his death. Kandaee had received nearly $1,000 from her father’s earnings within the fourteen month period surrounding his death. Thus, it cannot be said that Kandaee was not dependent upon his earnings at the time of his death.
It should be noted that a court order for support alone does not warrant a finding of dependency. Where there has been no payment of support, dependency has not been established. Haynes v. Loffland Brothers Co., 215 La. 280, 40 So.2d 243 (1949); Lumbermen’s Underwriting Alliance v. Teague, 521 So.2d 820, 823 (La.App. 2d Cir. 1988). An expectation or hope of future support is not considered proof of dependency. La.R.S. 23:1254.
Although court ordered support alone does not suffice for a determination of dependency, sporadic or irregular payments under court order for support have been considered proof of dependency. Coleman v. Lone Star Packing Company, Inc., 231 So.2d 721 (La. App. 1st Cir.), writ refused, 255 La. 910, 233 So.2d 561 (1970); Fontenot v. Annelida Acres, Inc., 302 So.2d 690 (La.App. 3d Cir. 1974); Pointe Coupee Electric Membership Corporation v. Pettey, 6 So.2d 764 (La.App. 1942); See also, Swift v. Continental Insurance Company, 453 So.2d 271 (La.App. 5th Cir.), writ denied, 456 So.2d 1391 (La.1984).
_J_5pther sources of support do not preclude the award of compensation.[2] In such instances, a finding of partial dependency may be appropriate. La.R.S. 23:1231.
Appellate courts review summary judgments de novo under the same criteria that govern the lower court’s consideration of whether summary judgment is appropriate.
Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genu- . ine issue of material fact such that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
Under the facts as presented, there can be dependency, and defendants should not prevail on their motion for summary judgment as a matter of law.
DECREE
For the above and foregoing reasons, the judgment of the hearing officer, granting defendants’ motion for summary judgment, is REVERSED. Costs are to be paid by defendants, Hercules Transportation and the Louisiana Commerce and Trade Association Self Insurers Fund.
REVERSED.

. See Thomas v. St. Paul Mercury Indemnity Co., 88 So.2d 737 (La.App. 1st Cir.1956) (Mother of employee was receiving monthly payment from the Welfare Department and weekly payment by another son, in addition to deceased son’s weekly contribution.); Fontenot v. Annelida Acres, Inc., 302 So.2d 690 (La.App. 3d Cir.1974) (Decedent’s estranged spouse was also employed.).