COOKS, J.,
dissents.
hi respectfully dissent from that portion of the majority opinion finding Charles Vincent, as the surviving spouse, has no claim for death benefits because he was not married to Mrs. Vincent at the time of the work-related accident and at the time of death. The majority opinion burdens the surviving spouse with an additional element of proof which is not required by La.R.S. 23:1251, and is in conflict with McClure v. City of Pineville, 06-279 (La. App. 3 Cir. 12/6/06), 944 So.2d 795, a recent decision by this court. The majority cites no prior case in this circuit where death benefits were denied to a surviving spouse living with the deceased employee at the time of death because the spouse was not married to the deceased at the time of the accident.
The majority opinion states:
Certainly La.R.S. 23:1251 bestows a conclusive presumption of dependency for surviving spouses who were living *1014 with the employee at the time of the accident or death. However, La.R.S. 23:1251 is focused upon the financial aspect of dependency and whether the surviving spouse is required to prove financial reliance on the employee’s wages.[fn. 5] Furthermore, La.R.S. 23:1254 provides: In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death .... (Emphasis added.) This language, which is concordant with La.R.S. 23:1231, returns to the concept that the “relation” must exist at the time of the accident and death. It does not focus solely on the financial aspect of dependency on the employee’s wages.
The opinion focuses solely on the “relation” language of La.R.S. 23:1254, relates it back to language in La.R.S. 23:1231 and concludes Mr. Vincent, although | presumed to be dependent, must also prove “relation” at the time of the accident and at the time of death. Since Mr. Vincent was not married to Karen Edwards at the time of the accident and at the time of her death, the majority concludes that an essential temporal element to Mr. Vincent’s claim is absent. However, the majority neglects to observe this same provision allows a claimant to prove either relationship or dependency. Dependency, in the case of a surviving spouse, is satisfied by relying on the conclusive presumption contained in La.R.S. 23:1251, and therefore “relation” need not be proved. Moreover, the conclusive presumption of dependency for a surviving spouse living with the deceased (La.R.S. 23:1251) is broadly defined and attaches at the time of the accident or at the time of death.
The majority attempts to distinguish this case from McClure, which I respectfully submit cannot be distinguished. In footnote # 5, the majority states:
The seeming friction between La.R.S. 23:1231 and La.R.S. 1251 can be seen in two decisions by this court. McClure v. City of Pineville ... and Johnson v. City of Lake Charles ... Those cases, however, involve different factual situations in that the existence of the relationship at both relevant times was not at issue. Rather, McClure and Johnson involved situations in which employees developed an employee-related disease after employment had ceased and focused on whether the surviving spouse could be viewed as being dependent on the employee’s “earnings’ at the time of death since the employee was no longer receiving employment wages. Neither McClure nor Johnson references La. R.S. 23:1254.
In attempting to distinguish McClure the majority notes, in McClure, the issue of proof of “relationship” was never raised. This issue was not raised in McClure because it was not a necessary element of proof. The surviving spouse living with the deceased employee is not required to offer proof of “relationship.” In McClure, the defendants raised the issue of dependency and argued La.R.S. 23:1231 required a surviving spouse living with the deceased at the time of death to come forward with proof that she was dependent “on his earnings for support at the time of the accident hand death.” This court correctly rejected any limitation on the conclusive presumption of dependency in favor of a surviving spouse living with the deceased employee. This court stated:
The presumption of Section 1251 appears to fall short of satisfying the requirements of Section 1231, but La.R.S. 23:1255 clarifies that it does not. Section 1255 provides: “No compensation shall be payable under this Part to a *1015 surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support.” The jurisprudence interpreting Section 1255 makes it clear that a spouse living with the deceased at the time of death is conclusively presumed to be “wholly and actually dependent on the deceased for support.” See Haynes v. Loffland Bros. Co., 215 La. 280, 291, 40 So.2d 243, 247 (1949), where the court observed: “the courts have consistently held that both relationship and contribution to support at the time of injury and death must be proved in all cases where dependency is not conclusively presumed.” (Emphasis added.) Therefore, where dependency is conclusively presumed, relationship and contribution to support need not be proved.”
Id. at p. 7, 944 So.2d at 801.(Emphasis added.)
I respectfully submit the majority’s legal holding in this case squarely conflicts with this court’s pronouncement in McClure that “where dependency is conclusively presumed, relationship and contribution to support need not be proved.” Aside from making this Court, as a whole, appear schizophrenic in its interpretation of the referenced provisions, the present panel’s holding will lead to absurd results.
The statutory scheme for the recovery of death benefits is provided for in La.R.S. 23:1231 through La.R.S. 23:1255. Louisiana Revised Statutes 23:1231(A) provides, in relevant part:
For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
The right of a surviving spouse and children to recover death benefits is specifically provided for in La.R.S. 23:1251 and La.R.S. 23:1255.
^Louisiana Revised Statutes 23:1251 provides, in relevant part:
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution, (emphasis added.)
Louisiana Revised Statutes 23:1255 provides, in relevant part:
No compensation shall be payable under this Part to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support.
The conclusive presumption of dependency in favor of the surviving spouse and children is a “rule of substantive law” and allows the recovery of benefits without further proof of relationship or contribution to support. La.Code of Evid. art. 303; McClure v. City of Pineville, 06-279 (La. App. 3 Cir. 12/6/06), 944 So.2d 795, quoting Haynes v. Loffland Bros. Co., 215 La. 280, *1016 40 So.2d 243 (1949).[1] The surviving spouse and children living with the deceased at the time of injury or death “enjoy[s] the conclusive presumption of dependency established by LSA-R.S. 23:1251.” Ceco Concrete Construction, L.L.C. v. Pennington, 01-1945, p. 2 (La. App. 1 Cir. 10/2/02), 836 So.2d 164, 165; McClure v. City of Pineville, 944 So.2d 795. “The surviving spouse living with the deceased at the time of the accident or death is presumed to be actually and wholly dependent. So is a child under 18 (or over 18, if physically or mentally incapacitated from earning) who lives with the parent at the time of the ^injury, and a child up to the age of 23 if that child is enrolled and attending as a full-time student in any accredited educational institution.” 14 La.Civ. L. Treatise, Workers’ Compensation Law and Practice § 302 (4th ed.).
The conclusive presumption applies only if the spouse is legally married to and living with the employee at the time of injury or death. If the defendant asserts a surviving spouse is not living with the deceased at the time of injury or death, La.R.S. 23:1255 applies and the spouse must establish he/she “was then actually dependent upon the deceased spouse for support.” La.R.S. 23:1255; Ceco, 836 So.2d 164; Rogers v. Wackenhut Services, Inc., 05-459 (La.App. 5 Cir. 1/17/06), 921 So.2d 1076. “If the spouse is unable to show that she (or he) was living with the deceased, she may still be entitled to compensation if she succeeds in establishing the fact that she was wholly or partially dependent upon him ... Thus the concept of living with the deceased at the time of the accident or death has acquired considerable importance, and has been the subject of a great deal of litigation.” 14 La. Civ. L. Treatise, Workers’ Compensation Law and Practice § 304 (4th ed.)
The right to death benefits of all other claimants, other than the legal spouse and children, is governed by La.R.S. 23:1252 through La.R.S. 23:1254. “[I]n all cases (except where the dependency of the spouse and child is conclusively presumed), the claimant must prove dependency by establishing both a need for support and also the fact that contributions to his support were actually made by the deceased during the latter’s lifetime. The Act provides that ‘the mere expectation or hope of future contribution to support’ will not suffice as proof of dependency.” 14 La.Civ. L. Treatise, Workers’ Compensation Law and Practice § 309 (4th ed.).
Louisiana Revised Statutes 23:1252 provides, in relevant part:
In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they |fimay be at the time of the accident and death; in such other eases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.
Louisiana Revised Statutes 23:1253 provides, in relevant part:
If there is no one wholly dependent and more than one person partially dependent, so much of the death benefit as each is entitled to shall be divided *1017 among them according to the relative extent of their dependency. No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child.
Louisiana Revised Statutes 23:1254 provides, in relevant part:
In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.
Louisiana Revised Statutes 23:1254 applies to an “alleged dependent” who must submit “proof of dependency as a fact” in order to recover benefits. However, the surviving spouse (and children) living with the deceased are “conclusively presumed to be wholly and actually dependent” and no further proof is required. Despite the clear language of La.R.S. 23:1251 and 23:1255, the majority citing La.R.S. 23:1254 finds the surviving spouse must prove legal relationship at the time of the accident and death. The workers’ compensation judge denied benefits because Mr. Vincent could not prove dependency at the time of the accident and death. Mr. Vincent attempted to establish dependency by testifying he was living with Karen Edwards at the time of the slip and fall of October 28, 2002. However, the workers’ compensation judge found the only relevant date for recovery of benefits was the date of the original work-related accident which occurred on January 30, 1998. Since Mr. Vincent did not even know Karen Edwards at the time of the work-related accident, 17the trial court found he could not satisfy the proof required of La.R.S. 23:1254. The workers’ compensation judge stated:
This dispute centers on whether Charles Vincent’s claim fails because he was not dependent upon Karen Edwards at the time of her work accident. La.R.S. 23:1231(A) provides for the payment of death benefits to the “legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death ...” (emphasis supplied.) La.R.S. 23:1251(1) provides that a surviving spouse who was living with the deceased at the time of the accident or death is conclusively presumed to be wholly and actually dependent upon the deceased employee.
In Ekere v. Dupont Chemical Plant, 757 So.2d 33 (La.App. 5 Cir. 2/16/00), the court granted summary judgment to the employer against the claim of the surviving spouse who was married to the employee at the time of death, but not at the time of the accident based upon the language of 23:1254. Mr. Vincent urges that the date of October 28, 2002 aggravation be used, at which time he and Ms. Edwards were living together. However, as with the analysis pertaining to indemnity benefits, the WCJ holds that the “accident” referred to is the original work accident, not the subsequent aggravation of the injury away from the work place. Therefore, the Motion for Summary Judgment will be granted, dismissing Mr. Vincent’s claim for death benefits, since he was not dependent upon Karen Edwards at the time of her accident.
Only two other circuit courts and the present panel have adopted the reasoning of the workers’ compensation judge and placed an additional burden of proof on a surviving spouse by requiring the spouse prove dependency at the time of the acci *1018 dent and death. In Ekere v. Dupont Chemical Plant, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, writ denied, 00-778 (La.4/28/00), 760 So.2d 1181, the surviving spouse filed a disputed claim for death benefits alleging his spouse died from an exposure to various chemicals while in the course and scope of employment. The claimant was not married to the decedent at the time of the accident. The court found the claimant was entitled to a presumption of dependency at the time of the spouse’s death, but seized on the language of La.R.S. 23:1254 and held in order to receive workers’ compensation death benefits, the widower must also establish he was dependent on the decedent at the time of the accident. Since the claimant was not | ¡.married to the decedent at the time of the accident, he was not dependent and therefore not entitled to death benefits.
In Arledge v.Dolese Concrete Co., 00-363 (La.App. 1 Cir. 6/6/01), 807 So.2d 876, writ denied, 01-2357 (La.11/16/01), 802 So.2d 617, the appellate court applied language contained in La.R.S. 23:1231, and held that the widow of the deceased employee was not “actually and wholly dependent” on her husband’s “earnings for support at the time of the accident and death”, because the deceased was receiving social security retirement benefits, not earnings from the employer, at the time of his death.
However, previous panels of this court in Johnson v. City of Lake Charles, 04-455 (La.App. 3 Cir. 9/29/04), 883 So.2d 521 and McClure v. City of Pineville, 2006-0279, p. 6 (La.App. 3 Cir. 12/6/06), 944 So.2d 795 have declined to follow Ekere and Arledge. In Johnson, the employee was diagnosed and died of lung cancer twenty-five years after his retirement. At the time of his death he was receiving a retirement pension from the City of Lake Charles and social security. His surviving spouse filed a claim for death benefits. The City of Lake Charles argued the widow was not entitled to benefits because her husband was not receiving benefits at the time of death. This court declined to follow Arledge stating: “To apply Arledge would be to leave the widows of many employees without a remedy solely because of the date of the employees’ death, despite the clear language of the statute. In other words, it would require that the focus be on the fortuity of the timing of the progression of the disease and not its relation to the employment situation.” Johnson v. City of Lake Charles, 883 So.2d at 525.
In McClure, the claimant was the widow of a firefighter and the defendants were the City of Pineville and its compensation carrier, Louisiana Workers’ Compensation 19Corporation (LWCC). The defendants argued the presumption of La.R.S. 23:1251 does not relieve the spouse of proving she was actually and wholly dependent upon his earnings for support. This court rejected that argument stating:
The presumption of Section 1251 appears to fall short of satisfying the requirements of Section 1231, but La.R.S. 23:1255 clarifies that it does not. Section 1255 provides: “No compensation shall be payable under this Part to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support.” The jurisprudence interpreting Section 1255 makes it clear that a spouse living with the deceased at the time of death is conclusively presumed to be “wholly and actually dependent on the deceased for support.” See Haynes v. Loffland Bros. Co., 215 La. 280, 291, 40 So.2d 243, 247 (1949), where the court observed: “the courts have consistently held that both relationship and contribution to support at the time of injury and death must be proved in all *1019 cases where dependency is not conclusively presumed.” (Emphasis added.) Therefore, where dependency is conclusively presumed, relationship and contribution to support need not be proved.”
Id. at p. 7, 944 So.2d at 801.
Mr. Vincent was married to and living with Karen at the time of her death on April 23, 2005. As the surviving spouse he was entitled to the conclusive presumption of dependency provided for under La.R.S. 23:1251(A). The same rule applies to children of the deceased. No proof of relationship or dependency at the time of the accident and death is required for these two classes of individuals. To hold otherwise would deprive children, who were not conceived at the time of the work-related injury, of benefits when their mother dies as a direct result of the injury but subsequent to their birth. Such an unjust result was never intended by the legislature. Thus, La.R.S. 23:1251 was enacted to relieve children (and the surviving spouse living with the deceased) of the burden of proof of dependency. The remaining provisions are applicable to other claimants. The legislature, in its wisdom, requires all other claimants to present proof of dependency at the time of the accident and death.
|inI respectfully disagree with the present panel opinion in failing to apply the conclusive presumption of dependency contained in La.R.S. 23:1251 and requiring Mr. Vincent to submit proof of relationship at the time of the accident and death.[2]

. Louisiana provides for two kinds of presumptions-conclusive and rebuttable. Louisiana Code of Evidence Article 303 provides: "A ‘conclusive presumption' is a rule of substantive law and is not regulated by this Chapter.” Louisiana Code of Evidence Article 304 provides: "Presumptions regulated by this Chapter are rebuttable presumptions and therefore may be controverted or overcome by appropriate evidence.”

. In order to ultimately prevail on his claim for death benefits, Mr. Vincent must establish Karen's death was work-related,